1  Robert D. Phillips, Jr. (SBN 82639)
   Email: rphillips@reedsmith.com
2  Kathy J. Huang (SBN 240677)
   Email: khuang@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA  90071-1514
   Telephone:  +1 213 457 8000
5  Facsimile:   +1 213 457 8080

6  William H. Higgins (SBN 208514)
   Email: whiggins@reedsmith.com
7  Terence N. Hawley (SBN 179106)
   Email: thawley@reedsmith.com
8  REED SMITH LLP
   101 Second Street, Suite 1800
9  San Francisco, CA  94105
   Telephone:  +1 415 543 8700
10 Facsimile:   +1 415 391 8269

11 Attorneys for Defendant
   Midland National Life Insurance
12 Company

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 ROSALIE VACCARINO, on behalf of        No.: **LACV11-5858** JFW(VBK(x)
   herself and all others similarly situated;
17                                         [Removal from Superior Court of
18              Plaintiff,                 California, County of Los Angeles, Case
                                           No. BC463793]
19         vs.
                                           **DEFENDANT MIDLAND**
20 MIDLAND NATIONAL LIFE                   **NATIONAL LIFE INSURANCE**
   INSURANCE COMPANY; and DOES 1-          **COMPANY'S NOTICE OF**
21 100, Inclusive,                         **REMOVAL OF ACTION**
                                           **PURSUANT TO 28 UNITED STATES**
22                                         **CODE SECTIONS 1332, 1441 AND**
                                           **1446**
23              Defendant.
                                           **[CLASS ACTION FAIRNESS ACT]**
24
                                           Compl. Filed:   June 17, 2011
25                                         Trial Date:     None Set

26                                         [Declaration of Kathy Doherty filed
                                           concurrently herewith.]
27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 5 2011
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

— 1 —

1   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

2   **CENTRAL DISTRICT OF CALIFORNIA:**

3       PLEASE TAKE NOTICE that Defendant Midland National Life Insurance

4   Company ("Midland") hereby removes this action from the Superior Court of

5   California, County of Los Angeles, to the United States District Court for the Central

6   District of California, pursuant to 28 United States Code Sections 1332, 1441 and

7   1446, as amended by the Class Action Fairness Act of 2005 ("CAFA") and authorized

8   by 28 United States Code Section 1453. The removal of this action is based on the

9   following:

10                    **FACTUAL AND PROCEDURAL BACKGROUND**

11

12       1.     On June 17, 2011, Plaintiff Rosalie Vaccarino ("Plaintiff") filed a

13   complaint for monetary and declaratory relief ("Complaint") against Midland in the

14   Superior Court of the State of California for the County of Los Angeles ("Los Angeles

15   Superior Court"), entitled *Rosalie Vaccarino v. Midland National Life Insurance*

16   *Company and Does 1-100, inclusive*, Case No. BC463793 (hereinafter, the "State

17   Court Action"). (A true and correct copy of the Complaint is attached hereto as

18   Exhibit "1." A true and correct copy of the Summons and Civil Case Cover Sheet is

19   attached hereto as Exhibit "2." A true and correct copy of the Notice of Case

20   Assignment is attached hereto as Exhibit "3.")

21       2.     The Complaint purports to allege four causes of action for: (1) violation

22   of the Unfair Competition Law ("UCL"), Bus. & Prof. Code § 17200 *et seq.*; (2)

23   fraud; (3) breach of contract; and (4) declaratory relief on behalf of Plaintiff and all

24   others similarly situated.

25       3.     On June 27, 2011, counsel for Midland accepted service *via* e-mail of a

26   copy of the Complaint in the State Court Action. (A true and correct copy of the e-

27   mail sent to Plaintiff's counsel accepting service is attached hereto as Exhibit "4.")

28       4.     The Complaint was the first pleading, notice, order, or other paper from

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

1    which it could be ascertained that this action is removable.

2        5.      Plaintiff's counsel served a Notice of Order of Setting Initial Status

3    Conference and Notice of Minute Order on July 12, 2011.  (A true and correct copy of

4    the Notice is attached hereto as Exhibit "5.")

5        6.      There have been no further proceedings in the State Court Action, and no

6    other pleadings have been filed or served by or on Plaintiff or Midland other than

7    those attached hereto as "Exhibits 1-5."

8        7.      This Notice of Removal is timely in that it is filed within thirty (30) days

9    of service of the Complaint on Midland.  *See* 28 U.S.C. § 1446(b).

## SUMMARY OF COMPLAINT

8.      The Complaint alleges that Midland made misrepresentations and failed
to disclose material facts regarding the financial performance of its deferred annuities.
*See* Complaint, ¶¶ 8 and 10.  Among other things, the Complaint alleges that
Midland's marketing materials misrepresented that policyholders would receive an
upfront "bonus" and other benefits, while failing to disclose Midland's alleged "claw
back practices" of shifting the costs of the bonuses and "very high" undisclosed agent
commissions back to purchasers in the form of lower returns over time. *Id.*, ¶¶ 6-8,
10-11.  The Complaint further alleges that Midland did not adequately explain the
operation of an "Interest Adjustment" provision in the annuities that allegedly resulted
in an increase of surrender penalties. *Id.*, ¶ 12.  Finally, the Complaint alleges that for
its customers ages 60 to 64 at the time of purchase, Midland failed to provide a proper
disclosure of all surrender charges as required by Insurance Code section 10127.13.
*Id.*, ¶ 13.

9.      Plaintiff purportedly brings this class action on behalf of herself and all
others similarly situated, and seeks class certification of the following Class and
Subclass:

"All California Residents (persons, trusts, or entities) who purchased deferred

*(left margin, vertical text)* REED SMITH LLP — A limited liability partnership formed in the State of Delaware

*(line numbers 10–28 appear in the left margin)*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

annuities from Midland National Life Insurance Company when they (or the annuitants) were age 64 or younger."

"All California residents (persons, trusts, or entities) who purchased deferred annuities from Midland National Life Insurance Company when they (or the annuitants) were ages 60 through 64."

*Id.*, ¶ 15.

10.    The Complaint seeks restitution on behalf of Plaintiff and each member of the class, an injunction against Midland, special damages in an amount to be determined at trial, a declaration of the rights and liabilities of the parties, reasonable attorneys' fees and costs, and punitive damages. *Id.*, Prayer for Relief.

## STATUTORY REQUIREMENTS - CLASS ACTION FAIRNESS ACT

11.    This Court has jurisdiction.  Pursuant to 28 U.S.C. Code Section 1332, as amended by CAFA, a putative "class action" commenced after CAFA's effective date may be removed to the United States District Court embracing the state court where the action was filed if (a) any member of the putative class is a citizen of a state different from any defendant, (b) there are at least one hundred members of the putative class, and (c) the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d).  Complete diversity among the parties is not required.  28 U.S.C. § 1332(d)(2)(A).

12.    CAFA is applicable to the State Court Action because the Complaint was filed after CAFA's effective date. *See* Notes to 28 U.S.C. §§ 1332 & 1453 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act," – *i.e.*, February 18, 2005) (citing Pub. L. 109-2, § 9, 119 Stat 14).

13.    CAFA defines the term "class action" as, *inter alia*, any case "that is removed to a district court of the United States that was originally filed under a State

1  statute or rule" similar to Rule 23.  28 U.S.C. § 1711(2).  The term "class members"

2  is defined as those "persons who fall within the definition of the proposed or certified

3  class in a class action." 28 U.S.C. § 1711(4).

4       14.   Pursuant to the express language of CAFA, the amount in controversy is

5  determined by aggregating the alleged damages with respect to the claims of the

6  named plaintiff and the claims of the alleged class members.  28 U.S.C. § 1332(d)(6).

7  Pursuant to this provision, Congress substantially changed the scope of federal

8  jurisdiction so as to facilitate and favor removal of purported class actions to federal

9  court. *See* 151 Cong. Rec. H730 (Comments of Mr. Sensenbrenner); S. Rep. No.

10  10914 at 42 (2005) ("[I]f a federal court is uncertain about whether 'all matters in

11  controversy' in a purported class action 'do not in the aggregate exceed the sum or

12  value of $5,000,000,' the court should err in favor of exercising jurisdiction over the

13  case.").

14       15.   The State Court Action is an alleged "class action" within the meaning of

15  CAFA because the Complaint seeks certification of a putative California class under

16  California Code of Civil Procedure § 382, – *i.e.*, California's analog to Rule 23 of the

17  Federal Rules of Civil Procedure and a "rule of judicial procedure authorizing an

18  action to be brought by 1 or more representative persons as a class action." 28 U.S.C.

19  §§ 1332(d)(1)(B) and 1453(a).  Midland denies, however, that this case can be

20  certified as a class action and expressly reserves its right to oppose any motion for

21  class certification filed in this action.

22       16.   <u>Citizenship of the Parties</u>.  The requisite diversity of citizenship exists

23  under 28 U.S.C. §§ 1332(d)(2) and (7).  Midland is, and at all relevant times was, a

24  corporation duly organized and existing under the laws of the State of Iowa with its

25  principal place of business in West Des Moines, Iowa. *Hertz Corp. v. Friend*, 559

26  U.S. ____, 130 S. Ct. 1181, 1186 (2010) (a corporation's "principal place of business"

27  for purposes of determining its citizenship for federal diversity jurisdiction is

28  ordinarily its corporate headquarters, or the location where the corporation's activities

– 5 –

1   are directed, controlled, or coordinated (the corporate "nerve center")); *see also*

2   Declaration of Kathy Doherty ("Doherty Decl."), ¶ 4 and Complaint, ¶ 4.  Midland is

3   therefore a citizen of the state of Iowa.  28 U.S.C. § 1332(c)(1).  By contrast, Plaintiff

4   is a citizen of the State of California.  *See* Complaint, ¶ 3.  Thus, Midland is a citizen

5   of a state different from at least one member of the putative class.

6       17.   Members of Putative Class.  Based on the allegations of the Complaint,

7   Plaintiff is seeking to represent a putative class that consists of more than one-hundred

8   (100) members as required by CAFA.  *See* 28 U.S.C. § 1332(d).  The putative class

9   Plaintiff seeks to certify is a class of California residents (defined as "persons, trusts

10  or entities") who purchased deferred annuities from Midland when they (or the

11  annuitants) were 64 or younger, and a subclass of California residents who purchased

12  deferred annuities from Midland when they (or the annuitants) were ages 60 through

13  64.  Complaint, ¶ 15.  According to the Complaint, it is "believed there are thousands

14  of class members."  Complaint, ¶ 17.  Based upon Plaintiff's class and subclass

15  definitions, Midland's records indicate that the putative class as alleged by Plaintiff

16  includes more than fifteen thousand (15,000) deferred annuities and not less than ten

17  thousand (10,0000) putative class members.  *See* Doherty Decl., ¶ 8.  While Midland

18  denies that this case can be certified as a class action and expressly reserves its right to

19  oppose any motion filed for class certification in this action, based on Midland's

20  investigation and the allegations of the Complaint, the putative class that Plaintiff

21  seeks to certify certainly meets the CAFA putative class size requirement.  *Id.*

22      18.   Amount in Controversy.  Under 28 U.S.C. § 1332(d), as added by CAFA,

23  the amount in controversy in a putative class action is determined by aggregating the

24  amount allegedly at issue on behalf of all members of the alleged class.  28 U.S.C. §

25  1332(d)(6).  However, "if a federal court is uncertain about whether 'all matters in

26  controversy' in a purported class action 'do not in the aggregate exceed the sum or

27  value of [the jurisdictional minimum],' the court should err in favor of exercising

28  jurisdiction over the case."  S. Rep. 109-14 at 42.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 6 —

19.     Here, the Complaint seeks relief of unlimited monetary value, including: (1) restitution of the monies improperly collected or withheld; (2) a preliminary and permanent injunction; (3) special damages in a sum to be determined at trial; (4) reasonable attorneys' fees; (5) supposed punitive damages; and (6) costs of the suit. *See* Complaint, Prayer for Relief.  Furthermore, the Complaint alleges that Midland captured a $2 billion a year share of the deferred annuity market.  Complaint, ¶ 2.

20.     For purposes of determining whether the jurisdictional minimum has been met, courts consider the removal petition, and even where, as here, Midland challenges any liability, the court "must assume the allegations of the complaint are true and that a jury will return a verdict for plaintiff on all claims made in the complaint." *Schiller v. David's Bridal, Inc.*, No. 10-CV-00616, 2010 WL 2793650, *2 (E.D. Cal. July 14, 2010) (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004)).  Moreover, in determining the amount in controversy, "courts must take into account not only actual pecuniary damages, but potential damages for emotional distress, punitive damages and attorney's fees." *Martinez v. Reserve Life Ins. Co.*, No. 87-CV-5832, 1989 WL 79854, *2 (9th Cir. July 12, 1989); *see also Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

21.     While Midland denies that Plaintiff or any members of the putative class are entitled to relief in any form or amount, a review of Midland's business records regarding the potential products-at-issue, along with the Complaint's allegations of a putative class and subclass and the relief sought, indicates that the aggregate amount-in-controversy in this action is more than $5 million, exclusive of interest and costs. *See* Complaint, ¶¶ 2, 15 and Prayer for Relief; Doherty Decl., ¶ 11.  Indeed, Midland's records indicate that there is an aggregate amount-in-controversy of well over $6 million dollars for the so-called "surrender charge sub-class" alone.  *See* Doherty Decl., ¶ 11.  Midland's records further indicate that the amount-in-controversy for all

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

1   claims (based upon the inclusion of claims relating to bonuses and commissions)

2   exceeds $25 million dollars, exclusive of interest and costs.  *Id.*

## THE CAFA EXCEPTIONS DO NOT APPLY

5       22.   Jurisdiction in this case is mandatory, not discretionary, under CAFA

6   because it does not meet the standard for discretionary jurisdiction established in 28

7   U.S.C. § 1332(d)(3).  *See* 28 U.S.C. § 1332(d)(3).

8       23.   Although Midland does not bear the burden of showing that CAFA's

9   exceptions to jurisdiction do not apply, none of the "home state" or "local

10  controversy" exceptions described in 28 U.S.C. §§ 1332(d) are applicable here

11  because Midland, the sole defendant, is not a citizen of the state of California.  *See*

12  Doherty Decl., ¶ 4; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th

13  Cir. 2007) ("The structure of the statute and the long-standing rule on proof of

14  exceptions to removal dictate that the party seeking remand bears the burden of proof

15  as to any exception under CAFA.");  28 U.S.C. § 1332(d)(4)(A) and (B).

16      24.   Furthermore, this action does not involve or solely involve (i) a claim

17  concerning a covered security as defined under 16(f)(3) of the Securities Act of 1933

18  (15 U.S.C. § 78p(f)(3)) and § 28(f)(E) of the Securities Exchange Act of 1934 (15

19  U.S.C. § 78bb(f)(5)(E)); (ii) a claim that relates to the internal affairs or governance of

20  a corporation or other form of business enterprise and arises under or by virtue of the

21  laws of the State in which such corporation or business enterprise is incorporated or

22  organized; or (iii) a claim that relates to the rights, duties (including fiduciary duties),

23  and obligations relating to or created by or pursuant to any security (as defined under

24  § 2(a)(1) of the Securities Act of 1933 (15 U.S.C. § 77b(a)(1) and the regulations

25  issued thereunder).  28 U.S.C. §§ 1332(d)(9), 1453(d).

26      25.   Accordingly, the CAFA exceptions set forth in 28 U.S.C. §§ 1332 and

27  1453(d) do not apply.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**VENUE**

26.   The Superior Court of California for the County of Los Angeles is located within the United States District Court for the Central District of California. *See* 28 U.S.C. § 84(c)(2).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**COMPLIANCE WITH 28 U.S.C. § 1446**

27.   No previous application has been made for the relief requested herein.

28.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served on Midland, including the Complaint and Summons, is attached and is being filed as Exhibits 1-5 with this Notice of Removal.

29.   Pursuant to 28 U.S.C. § 1446(d), Midland will serve on Plaintiff and will file with the Clerk of the Superior Court for the County of Los Angeles, a written "Notice to the Clerk of the Superior Court of the County of Los Angeles and To Adverse Parties of Filing of Notice of Removal of Civil Action to Federal Court," attaching a copy of this Notice of Removal and all supporting papers.

30.   Pursuant to the applicable provisions of 28 U.S.C. § 1441 and other applicable statutes that Midland has complied with, this Complaint is removable to the United States District Court for the Central District of California.

WHEREFORE, based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 United States Code Sections 1332, 1441 and 1453, and the State Court Action is properly removed to this Court.

///

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DATED: July 15, 2011

REED SMITH LLP

By     /s/ Kathy J. Huang
       Robert D. Phillips, Jr.
       William H. Higgins
       Terence N. Hawley
       Kathy J. Huang
       Attorneys for Defendant
       Midland National Life Insurance Company

NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446

# EXHIBIT 1.

# EXHIBIT 1.

1  ROBERT S. GIANELLI, #82116
2  LOTTE COLBERT, # 207157
   RICHARD R. FRUTO, #200748
3  GIANELLI & MORRIS, A Law Corporation
   626 Wilshire Blvd., Suite 800
4  Los Angeles, CA 90017
   Tel: (213) 489-1600; Fax: (213) 489-1611
5
6  RONALD A. MARRON, #17650
   LAW OFFICES OF RONALD A. MARRON
7  A Professional Law Corporation
   3636 Fourth Avenue, Suite 202
8  San Diego, CA 92103
   Tel: (619) 696-9006;  Fax: (619) 564-6665
9
10 Attorneys for Plaintiff
   ROSALIE VACCARINO

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 17 2011

John A. Clarke, Executive Officer/Clerk
BY _____ , Deputy
    Ragena Juliano

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    FOR THE COUNTY OF LOS ANGELES

14

15 ROSALIE VACCARINO, on behalf of herself   )  CASE NO.  BC463793
   and all others similarly situated;         )
16                                            )
                              Plaintiff,      )  CLASS ACTION COMPLAINT FOR:
17                                            )
       .v.                                    )  1. BREACH OF UNFAIR
18                                            )     COMPETITION LAW;
                                              )  2. FRAUD;
19                                            )  3. BREACH OF CONTRACT;
                                              )  4. DECLARATORY RELIEF
20 MIDLAND NATIONAL LIFE INSURANCE           )
   COMPANY; and DOES 1-100, Inclusive,        )
21                                            )
                                              )
22                         Defendants.        )
                                              )
23 _____)

24

25      Plaintiff brings this action on behalf of herself and all others similarly situated, and on

26 behalf of the general public, against Midland National Life Insurance Company, and Does 1

27 through 100 as follows:

28
                                          1
                               *Class Action Complaint*

## NATURE OF THE ACTION

1.     In *Peterman, et al. v. North American Co. for Life and Health Ins., et al.,* Los Angeles Superior Court Case No. BC357194, a class of persons age 65 and older alleged that deferred annuities they purchased from the defendant here, Midland National Life Insurance Company ("Midland"), failed to provide proper disclosure of costly surrender penalties and hid its plan to shift the cost of a purported bonus and high sales commissions back to purchasers. During the course of that case, the court determined that Midland had failed to properly disclose the surrender penalties rendering them unenforceable. The court then certified the case as a class action. Midland settled that case before trial, as it later did with a national class action (*In re Midland National Life Ins. Co. Annuity Sales Practices Litigation,* United States District Court for the Central District of California MDL No. 07-1825CAS (MANx)) and a Hawaii state class action (*Yokoyama v. Midland National Life Ins. Co.,* United States District Court for the District of Hawaii Case. No. CV-05-00303-JMS). What Midland has not done is provide redress for those under age 65 who purchased its products and were subjected to the same wrongful acts.

2.     Midland captured a $2 billion a year share of the deferred annuity market in less than three years.  This financial fete was accomplished through a simple but intrinsically deceptive plan: offer the selling agents high commissions and provide them with products to peddle to those approaching retirement with promises of a bonus and financial growth while concealing that the cost of the bonus and high sales commissions would be shifted back to purchasers through lower returns. While Midland proclaimed the advantages of a large bonus, stock-market-linked growth, tax-deferred growth, and other benefits, it hid its actuarial plan to recover these high costs over the term of the annuities. Moreover, for those who exited the policy before Midland could fully recover these costs, it applied an unintelligibly described "Interest Adjustment" to boost surrender penalties. For those who were ages 60 through 64 at the time of purchase, Midland has failed to

*Class Action Complaint*

properly disclose all surrender penalties in conformity with California law, as was determined in

*Peterman, et al. v. North American Co. for Life and Health Ins., supra.*

## THE PARTIES

3. Plaintiff Rosalie Vaccarino is and, at all times mentioned herein, was a resident and citizen of the State of California, County of Riverside.

4. Midland is an insurance company licensed to do business in California but has not designated a principal place of business in California.

## SUBSTANTIVE ALLEGATIONS

5. Midland has been actively engaged in selling deferred annuities to people throughout the United States. Deferred annuities are annuities which defer payments until the annuity "annuitizes," that is, results in a stream of payments at the end of the contract period. During the deferral period of these annuities, an insurer credits monies to the purchaser's "Accumulation Value" (returns).

6. Midland has captured a $2 billion a year market share in deferred annuity sales by engaging in deceptive and unlawful business practices. Midland recognized that the key to selling annuities was to induce sales agents to sell its annuities over those of other companies by offering agents exorbitantly high sales commissions and arming them with "user friendly" products that purportedly provide a "bonus," stock market-type returns, and other benefits.

7. To this end, Midland designed and sold "equity indexed" annuities that "link" their performance to certain stock indexes and provide a "bonus," a percentage of additional interest (e.g., 11%) credited to the annuity's "Accumulation Value," a notional account, at the time of purchase. Midland knew, however, that the bonus and high commissions were costs that it would claw back from purchasers by lowering the amount of the returns it was required to credit each

3

year under the contracts. Midland knew it would amortize these costs over the term of the contract and thereby shift them back to the purchasers in the form of lower returns.

8.     Midland has used standardized sales brochures and disclosure statements to sell its deferred annuities. In these materials, Midland makes uniform representations about the growth potential of its annuities, including the amount of a "bonus," growth linked to stock indexes, and tax-deferred growth.

9.     Midland has required that selling agents provide these materials to all prospective purchasers at the point of sale. Midland also has prohibited the selling agents from making any statements to purchasers that differ from these materials by requiring the agents to attest to same in the disclosure statements. ("I have made no statements which differ in any significant manner from this material." *Yokoyama v. Midland National Life Ins. Co.* (9th Cir. 2010) 594 F.3d 1087, 1090, reversing denial of class certification based upon Midland's use of standardized documents in selling deferred annuities.)

10.    In these materials, Midland made representations and failed to disclose material facts regarding the financial performance of the annuities. Although Midland represented that a "bonus" was being provided, it did not reveal that these upfront monies would be offset by lower returns over time, in essence, resulting in a trading of dollars. No actual bonus has been provided. The offering of a bonus was nothing more than a deceptive sales practice used by Midland to arm agents with an enticement to lure purchasers away from their existing investments with the promise that losses incurred from cashing out those investments would be offset by a Midland bonus.

11.    The standardized materials also represent that the annuities provide stock-market-linked growth, tax-deferred growth, and other benefits to achieve the products' purported asset-accumulation objective but failed to disclose and concealed that Midland was paying the selling

4
*Class Action Complaint*

agents very high commissions which it knew would undermine the performance of the annuities given Midland's claw back practices. Midland knew that paying high commissions at the time of purchase would leave it with a depleted asset to invest and, therefore, generate a lesser return. Further, as Midland knew, there was no way for a purchaser to value one of its equity indexed annuities and discover these facts given the products' complex structure and indefinite "values."

12.     For those who surrendered prior to the end of the surrender period—before Midland could fully amortize the cost of the bonus and the high commissions—Midland applied surrender penalties which it boosted through an incomprehensible "Interest Adjustment" provision. The Interest Adjustment was used to shift the risk of changing interest rates from it to the purchasers. The annuities do not actually state how the adjustment functions but, instead, set forth a three-variable fractional exponential formula which has a built-in bias towards loss of value, with rising, flat, or slightly fallen declared interest rates, all resulting in an increase in the surrender penalties.

13.     For those who were ages 60 to 64 at the time of purchase, Midland failed to provide proper disclosure of all surrender charges, including the Interest Adjustment described above, as required by Insurance Code section 10127.13. Under that statute, Midland was required to disclose the surrender period and "all associated penalties" on the cover page of any annuity sold to any person age 60 and older or, alternatively, to state on the cover page where in the contract that information could be found. Midland did neither as the court determined in *Peterman, et al. v. North American Co. for Life and Health Ins., et al., supra.* Despite the ruling in *Peterman,* Midland has continued to assess these illegal and unenforceable penalties.

14.     Midland sold Plaintiff Rosalie Vaccarino a "Legacy Bonus 11" deferred annuity. In selling this annuity, the Midland agent provided Plaintiff with a standardized Midland sales brochure and disclosure statement. Plaintiff and the agent signed the disclosure statement which contained an attestation by the agent that he had not made any statements which differed from the

5

*Class Action Complaint*

Midland materials. The materials represented that Plaintiff was purchasing an equity indexed annuity that would provide an 11% bonus and "enhanced growth potential without market-type loss to your principal." The materials also represented that "[t]ax-deferred growth allows your money to grow faster because you earn interest on dollars that would otherwise be paid as taxes." Plaintiff deposited $70,261.54 into the annuity. She was 63 years old at the time.

## CLASS ACTION ALLEGATIONS

15.    Pursuant to California Code of Civil Procedure section 382 and California Rules of Court, Rule 3.765, Plaintiff seeks class certification of the following Class and Subclass:

> All California residents (persons, trusts, or entities) who purchased deferred annuities from Midland National Life Insurance Company when they (or the annuitants) were age 64 or younger.

> All California residents (persons, trusts, or entities) who purchased deferred annuities from Midland National Life Insurance Company when they (or the annuitants) were ages 60 through 64.

16.    Excluded from the Class and Subclass are: any officers, directors, employees or legal representatives of Midland.

17.    The members of the Class and Subclass ("class members") are so numerous that a joinder of all members is impracticable.  While the exact number of class members is unknown to Plaintiffs at this time, it is believed there are thousands of class members.

18.    Plaintiff's claims are typical of the claims of the class members and are similarly affected by Midland's wrongful conduct.

19.    Plaintiff will fairly and adequately protect the interests of the class members and has retained counsel competent and experienced in class and insurance litigation.

20.    Common questions of law and fact exist as to all class members and predominate over any questions solely affecting individual members of the Class and Subclass.

21.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since a joinder of all members is impracticable. Furthermore, as damages suffered by class members may be relatively small, the expense and burden of individual litigation make it impossible for class members to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

## FIRST CAUSE OF ACTION
### (Violation of the Unfair Competition Law)

22.     Plaintiff and the class members hereby repeat and reallege paragraphs 1 through 21 and incorporate same as though fully set forth herein.

23.     Business and Professions Code section 17200 et seq., the Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." The acts of Midland, as alleged herein, constitute unlawful, unfair and/or fraudulent business practices and unfair, deceptive, untrue or misleading advertising within the meaning of § 17200.

24.     Midland has violated the UCL as to the Class by:

(a)     Representing that a "bonus" was being provided while failing to reveal that these upfront monies would be offset by lower returns over time, in essence, resulting in a trading of dollars. No bonus has been provided. The offering of a bonus was nothing more than a deceptive sales practice used by Midland to arm agents with an enticement to lure purchasers away from their existing investments with the promise that losses incurred from cashing out those investments would be offset by a Midland bonus;

(b)     Failing to disclose and concealing that it was paying the sales agents very high commissions which it knew would undermine the

7

*Class Action Complaint*

1   performance of the annuities given Midland's claw back practices.

2   Midland knew that paying high commissions at the time of purchase

3   would leave it with a depleted asset to invest and, therefore, generate

4   a lesser return. Further, as Midland knew, there was no way for a

5   purchaser to value one of its equity indexed annuities and discover

6   these facts given the products' complex structure and indefinite

7   "values";

8

9    (c)    Applying an "Interest Adjustment" to boost surrender penalties even

10  though the provision is incomprehensible and fails to adequately

11  describe the nature and extent of this added penalty. The annuities

12  do not actually state how the adjustment functions but, instead, set

13  forth a three-variable fractional exponential formula which has a

14  built-in bias towards loss of value, with rising, flat, or slightly fallen

15  declared interest rates, all resulting in an increase in the surrender

16  penalties.

17

18    (d)    Other acts of which Plaintiff and the class members are presently unaware.

19  25.    In addition to the foregoing, Midland has violated the UCL as to the Subclass

20  (purchasers ages 60 through 64) by:

21

22    (a)    Failing to provide proper disclosure of all surrender penalties,

23  including the Interest Adjustment, as required by Insurance Code

24  section 10127.13: Under that statute, Midland was required to

25  disclose the surrender period and "all associated penalties" on the

26  cover page of any annuity sold to any person age 60 and older or,

27  alternatively, to state on the cover page where in the contract that

28

8

*Class Action Complaint*

information could be found. Midland did neither as the court

determined in *Peterman, et al. v. North American Co. for Life and*

*Health Ins., et al., supra.* Despite the ruling in *Peterman,* Midland

has continued to assess these illegal and unenforceable penalties.

    (b)    Other acts of which Plaintiff and the class members are presently

unaware.

26.    As a result of Midland's unfair competition, Plaintiff has suffered injuries in fact and has lost money or property, as have the other class members.

27.    On behalf of themselves and on behalf of the general public, Plaintiff and the class members respectfully request that the Court order Midland to provide restitution, and interest thereon, and enjoin Midland from committing the acts alleged herein in the future.

28.    Plaintiff and the class members request attorneys' fees under Code of Civil Procedure section 1021.5 and/or under a common fund theory.

## SECOND CAUSE OF ACTION
### (Fraud)

29.    Plaintiff and the class members hereby repeat and reallege paragraphs 1 through 28 and incorporate same as though fully set forth herein.

30.    Midland intentionally misrepresented and/or concealed the following material facts from Plaintiff and the class members:

    (a)    Representing that a "bonus" was being provided while failing to

reveal that these upfront monies would be offset by lower returns

over time, in essence, resulting in a trading of dollars. No bonus has

been provided. The offering of a bonus was nothing more than a

deceptive sales practice used by Midland to arm agents with an

enticement to lure purchasers away from their existing investments

9

with the promise that losses incurred from cashing out those

investments would be offset by a Midland bonus;

(b)    Representing that its equity indexed annuities would provide growth

while failing to disclose and concealing that it was paying the sales

agents very high commissions which it knew would undermine the

performance of the annuities given Midland's claw back practices.

Midland knew that paying high commissions at the time of purchase

would leave it with a depleted asset to invest and, therefore, generate

a lesser return. Further, as Midland knew, there was no way for a

purchaser to value one of its equity indexed annuities and discover

these facts given the products' complex structure and indefinite

"values";

(c)    Other acts of which Plaintiff and the class members are presently unaware.

31.    Plaintiff and the class members relied upon said representations and

omissions by purchasing the annuities.

32.    As a proximate result of the representations and omissions of Midland, Plaintiff and

the class members have suffered loss of monies in a sum to be proven at the time of trial.

33.    The aforementioned acts were performed by Midland maliciously, fraudulently and

oppressively entitling Plaintiff and the Class members to punitive damages in an amount

appropriate to punish Midland.

34.    Plaintiff and the class members request attorneys' fees under Code of Civil

Procedure section 1021.5 and/or under a common fund theory.

///

///

*Class Action Complaint*

## THIRD CAUSE OF ACTION
### (Breach of Contract)

35.    Plaintiff and the class members hereby repeat and reallege paragraphs 1 through 34 and incorporate the same as though fully set forth herein.

36.    Plaintiff and the class members entered into written contracts with Midland, as alleged herein.

37.    The essential terms of the contracts were that Midland agreed to accept a premium from said purchasers, credit a bonus, credit monies annually under the annuities, and annuitize those monies upon request. Said purchasers, in return, agreed to pay a premium under the contracts.

38.    Midland has breached the express and implied terms of the contracts as to the Class by:

    (a)    Agreeing that a "bonus" was being provided while failing to reveal that these upfront monies would be offset by lower returns over time, in essence, resulting in a trading of dollars. The ballyhooed bonus was not a bonus;

    (b)    Representing that the annuities would provide growth then undermining a growth objective by reducing the rates to claw back the high sales commissions paid the selling agents. Midland knew the high commissions would undermine and did undermine the performance of the annuities given its crediting practices. Midland knew that paying high commissions at the time of purchase would leave it with a depleted asset to invest and, therefore, generate a lesser return;

(c)     Applying an "Interest Adjustment" to boost surrender penalties even though the provision is incomprehensible and fails to adequately describe the nature and extent of this added penalty. The annuities do not actually state how the adjustment functions but, instead, set forth a three-variable fractional exponential formula which has a built-in bias towards loss of value, with rising, flat, or slightly fallen declared interest rates, all resulting in an increase in the surrender penalties;

(d)     Other acts of which Plaintiff and the class members are presently unaware.

39.     In addition to the foregoing, Midland has breached the express and implied terms of the contracts as to the Subclass (purchasers ages 60 through 64) by:

a)     Applying surrender penalties that are unenforceable. Midland failed to provide proper disclosure of all surrender charges, including the Interest Adjustment, as required by Insurance Code section 10127.13. Under that statute, Midland was required to disclose the surrender period and "all associated penalties" on the cover page of any annuity sold to any person age 60 and older or, alternatively, to state on the cover page where in the contract that information could be found. Midland did neither rendering the penalties unenforceable as the court determined in *Peterman, et al. v. North American Co. for Life and Health Ins., et al., supra.* Despite the ruling in *Peterman*, Midland has continued to assess these illegal and unenforceable penalties.

12

*Class Action Complaint*

(b)     Other acts of which Plaintiff and the class members are presently

unaware.

40.     The acts of Midland as herein alleged breached the contracts.

41.     As a proximate result of the breach of the contracts by Midland, Plaintiff and the class members have suffered a loss of the monies and interest thereon in an amount to be proven at the time of trial.

42.     Plaintiff and the class members request attorneys' fees under Code of Civil Procedure section 1021.5 and/or under a common fund theory.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)

43.     Plaintiff and the class members hereby repeat and reallege paragraphs 1 through 42 and incorporate the same as though fully set forth herein.

44.     As alleged above, an actual controversy exists between the parties regarding their rights and liabilities under the contracts and the cited statute. Midland continues to perform the acts alleged herein, resulting in an ongoing controversy with ongoing damage to Plaintiff and the class members.

45.     Plaintiff and the class members request a declaration of the parties' rights and liabilities under the annuities.

46.     Plaintiff and the class members request attorneys' fees under Code of Civil Procedure section 1021.5 and/or under a common fund theory.

**WHEREFORE, Plaintiff and the class members pray for judgment against Midland as follows:**

1.     Restitution of the monies improperly collected or withheld;

2.     A preliminary and permanent injunction restraining Midland from further unfair practices;

13

*Class Action Complaint*

3.    Special damages in a sum to be determined at the time of trial;

4.    A declaration of the rights and liabilities of the parties under the Midland deferred annuities.

5.    Reasonable attorneys' fees;

6.    Punitive damages in an amount appropriate to punish or set an example of Midland;

7.    Costs of suit incurred herein; and

8.    For such other and further relief as the Court deems just and proper.

DATED: June 15, 2011

GIANELLI & MORRIS
LAW OFFICES OF RONALD A. MARRON

By:

ROBERT S. GIANELLI
Attorneys for Plaintiff

# EXHIBIT 2.

# EXHIBIT 2.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MIDLAND NATIONAL LIFE INSURANCE COMPANY, AND DOES
1-100, Inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROSALIE VACCARINO, on behalf of herself and all others similarly
situated.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 17 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Rugena Juliano

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso)* |
|---|---|
| Los Angeles Superior Court<br>111 N. Hill Street<br>Los Angeles, California 90012 | BC 463 793 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert S. Gianelli- GIANELLI & MORRIS 626 Wilshire Blvd., #800 Los Angeles, CA 90017; (213) 489-1600

RUGENA LOPEZ

DATE: JUN 17 2011          John A. Clarke, Clerk, by _____ RUGENA LOPEZ, Deputy
*(Fecha)*                           *(Secretario)*                                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* MIDLAND NATIONAL LIFE INSURANCE COMPANY

    under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* 6/27/11

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Robert S. Gianelli, SB# 82116
GIANELLI & MORRIS
626 Wilshire Blvd., Suite 800
Los Angeles, California 90017
TELEPHONE NO.: (213) 489-1600    FAX NO.: (213) 489-1611
ATTORNEY FOR *(Name):* Rosalie Vaccarino

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

CASE NAME:

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUN 17 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Eugena Juliano

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 463793 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 4
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 17, 2011

Robert S. Gianelli
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

BC 463793

| SHORT TITLE: | CASE NUMBER |
|---|---|
| VACCARINO vs. MIDLAND | |

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☑ A6009  Contractual Fraud | ①., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0

LASC Approved 03-04

Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| **VACCARINO vs. MIDLAND** | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud | ①, 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| VACCARINO vs. MIDLAND | |

| | A. Civil Case Cover Sheet Category No. | B. Type of Action (Check only one) | C. Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| VACCARINO vs. MIDLAND | |

**Item III.** **Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>111 N. Hill Street |
|---|---|

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Los Angeles | CA | 90012 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Central_____ courthouse in the _____Los Angeles_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 6/17/11

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number

BC 468 793

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©).  There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Pending Assignment | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Willliam F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | Hon. Emilie H. Elias* | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*Class Actions
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the Outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk
By_____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
### [CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at **www.lasuperiorcourt.org** (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (**Civil only**).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                        (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR PLAINTIFF)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)
Date:
_____          ➤ _____
        (TYPE OR PRINT NAME)                      (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

CASE NUMBER:

## STIPULATION – DISCOVERY RESOLUTION

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.: | FAX NO. (Optional): |
|---|---|

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

Date: _____

⮞ _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date: _____          _____
                                             JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

# PROOF OF SERVICE

**STATE OF CALIFORNIA,**
**COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 626 Wilshire Blvd., Suite 800, Los Angeles, CA 90017.

On July 6, 2011, I served the foregoing document described as SUMMONS, CIVIL CASE COVER SHEET, CIVIL CASE COVER SHEET ADDENDUM, NOTICE OF (INITIAL) CASE ASSIGNMENT, AND ADR PACKAGE on the interested parties in this action by placing a true copy (*the original) thereof enclosed in a sealed envelope addressed as follows:

**X_____ (By Mail)** As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.   Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X_____ (State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on July 6, 2011 at Los Angeles, California.

Leticia Mejia

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

Robert D. Phillips, Jr.
Reed Smith, LLP
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071-1514

**COUNSEL FOR DEFENDANTS:**
MIDLAND NATIONAL LIFE INSURANCE CO.

RECEIVED

REED SMITH LLP.

# EXHIBIT 3.

# EXHIBIT 3.

1 | ROBERT S. GIANELLI, #82116
2 | LOTTE COLBERT, # 207157
   | RICHARD R. FRUTO, #200748
3 | GIANELLI & MORRIS, A Law Corporation
   | 626 Wilshire Blvd., Suite 800
4 | Los Angeles, CA 90017
   | Tel: (213) 489-1600; Fax: (213) 489-1611
5 |
6 | RONALD A. MARRON, #175650
   | LAW OFFICES OF RONALD A. MARRON
7 | A Professional Law Corporation
   | 3636 Fourth Avenue, Suite 202
8 | San Diego, CA 92103
   | Tel: (619) 696-9006;  Fax: (619) 564-6665
9 |
10 | <u>Attorneys for Plaintiff</u>
    | ROSALIE VACCARINO
11 |
12 |            SUPERIOR COURT OF THE STATE OF CALIFORNIA
13 |                 FOR THE COUNTY OF LOS ANGELES
14 |
15 | ROSALIE VACCARINO, on behalf of herself    )   CASE NO.:  BC463793
    | and all others similarly situated;          )   Action Filed:  June 17, 2011
16 |                                              )   <u>Assigned to: Hon.  Elihu M. Berle, Dept. 323</u>
17 |                        Plaintiff,            )
    |                                              )   **NOTICE OF CASE ASSIGNMENT**
18 |        v.                                    )
    |                                              )
19 |                                              )
    |                                              )
20 |                                              )
    | MIDLAND NATIONAL LIFE INSURANCE            )
21 | COMPANY; and DOES 1-100, Inclusive,         )
    |                                              )
22 |                        Defendants.          )
    |                                              )
23 | ─────────────────────────────               )
24 | TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:
25 |        *PLEASE TAKE NOTICE* that on June 28, 2011, this matter was assigned to the Honorable
26 | Judge Elihu M. Berle for all further proceedings in Department 323 at the Central Civil West
27 |
28 |

1
*Notice of Case Assignment*

1    branch of the Superior Court of California, County of Los Angeles, located at 600 Commonwealth

2    Avenue, Los Angeles, California 90012.  The Notice is attached hereto as Exhibit 1.

3    DATED:  July 5, 2011                     GIANELLI & MORRIS
                                              LAW OFFICES OF RONALD A. MARRON
4

5

6

7    By: _____
                    ROBERT S. GIANELLI
8                   LOTTE COLBERT
                    Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          2
                              *Notice of Case Assignment*

# [EXHIBIT 01]

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/28/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS | JUDGE A. LIM | DEPUTY CLERK |
| HONORABLE | JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A. | Deputy Sheriff NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC463793 | Plaintiff Counsel |
| | ROSALIE VACCARINO | NO APPEARANCES |
| | VS | Defendant Counsel |
| | MIDLAND NATIONAL LIFE INSURANCE COMPANY | |
| | COMPLEX 6/23/11 | |

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes it determination whether or not this case should be deemed complex pursuant to Rule 3.400 of the California Rules of Court.

This case is designated complex and is reassigned to Judge ELIHU M. BERLE in Department 323 at the Central Civil West Courthouse for all further proceedings and for all purposes.

The case is ordered stayed until the initial status conference date. Notice of Initial Status Conference is to be given by the Clerk in Department 323.  No responsive pleadings may be filed. Parties may file a Notice of Appearance in lieu of an answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a general appearance and shall not waive any substantive or procedural challenge to the complaint. Nothing herein stays the time for filing affidavit of prejudice pursuant to Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each party is ordered to pay $550.00 for complex fees, payable to Los Angeles Superior Court, within ten (10) calendar days from this date.

Plaintiff is ordered to serve a copy of this minute order on all parties forthwith and file a proof of

Page   1 of   3   DEPT. 324

MINUTES ENTERED
06/28/11
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 06/28/11

HONORABLE EMILIE H. ELIAS                JUDGE

HONORABLE

E. MUNOZ, C.A.                    Deputy Sheriff

DEPT. 324

A. LIM                    DEPUTY CLERK

JUDGE PRO TEM                    ELECTRONIC RECORDING MONITOR

NONE                    Reporter

| | | | |
|---|---|---|---|
| 8:30 am | BC463793 | Plaintiff Counsel | NO APPEARANCES |
| | ROSALIE VACCARINO VS MIDLAND NATIONAL LIFE INSURANCE COMPANY | Defendant Counsel | |
| | COMPLEX 6/23/11 | | |

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7) days of service.

Any party objecting to the complex designation must file an objection and proof of service in Department 324 within ten (10) days of service of this minute order. Any response to the objection must be filed in Department 324 within seven (7) days of service of the objection. This Court will make its ruling on the submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of 06/28/11 upon each party or counsel named below by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original entered herein in a separate sealed envelope for each, addressed as shown below with the postage thereon fully prepaid.

Date: June 28, 2011

John A. Clarke, Executive Officer/Clerk

Page    2 of    3    DEPT. 324

MINUTES ENTERED
06/28/11
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/28/11 | | DEPT. 324 |
| HONORABLE EMILIE H. ELIAS   JUDGE | A. LIM | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| E. MUNOZ, C.A.   Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| 8:30 am | BC463793 | Plaintiff Counsel |
| | ROSALIE VACCARINO | NO APPEARANCES |
| | VS | |
| | MIDLAND NATIONAL LIFE INSURANCE | Defendant Counsel |
| | COMPANY | |
| | COMPLEX 6/23/11 | |

**NATURE OF PROCEEDINGS:**

By: _A. LIM_

GIANELLI & MORRIS
Robert S. Gianelli
626 Wilshire Blvd., Suite 800
Los Angeles, CA. 90017

Page   3 of  3   DEPT. 324

MINUTES ENTERED
06/28/11
COUNTY CLERK

1

## PROOF OF SERVICE

2

3   **STATE OF CALIFORNIA,**
4   **COUNTY OF LOS ANGELES**

5       I am employed in the County of Los Angeles, State of California. I am over the age of 18
    years and not a party to the within action; my business address is 626 Wilshire Blvd., Suite 800,
6   Los Angeles, CA 90017.

7       On July 5, 2011, I served the foregoing document described as **NOTICE OF CASE**
8   **ASSIGNMENT** on the interested parties in this action by placing a true copy (*the original)
    thereof enclosed in a sealed envelope addressed as follows:

9
    **X**_____ **(By Mail)** As follows:  I am "readily familiar" with the firm's practice of collection and
10  processing correspondence for mailing.   Under that practice it would be deposited with the U.S.
    Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in
11  the ordinary course of business.  I am aware that on motion of the party served, service is
    presumed invalid if postage cancellation date or postage meter date is more than one day after date
12  of deposit for mailing in affidavit.

13
    **X**_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the
14  foregoing is true and correct.  Executed on July 5, 2011 at Los Angeles, California.

15

16

17                                                              Leticia Mejia

18

19

20

21

22

23

24

25

26

27

28

<u>**SERVICE LIST**</u>

1

2

3

4

Robert D. Phillips, Jr.

5  Reed Smith, LLP
   355 South Grand Ave., Suite 2900
6  Los Angeles, CA 90071-1514

<u>**COUNSEL FOR DEFENDANTS:**</u>
MIDLAND NATIONAL LIFE INSURANCE CO.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED

JUL – 6 2011

REED SMITH LLP.

# EXHIBIT 4.

# EXHIBIT 4.

**Huang, Kathy J.**

# REDACTED

-----Original Message-----
From: Rob Gianelli [mailto:rob.gianelli@gmlawyers.com]
Sent: Monday, June 20, 2011 10:19 AM
To: Phillips Jr., Robert D. (Bo)
Subject: Re: Vaccarino v. Midland

That's fine - we'll likely be stayed until the first status conference.
On Jun 20, 2011, at 8:26 AM, Phillips Jr., Robert D. (Bo) wrote:

> We will accept service, effective next Monday, June 27.  That makes
> our response due on July 27.
>
>
> Robert D. Phillips, Jr.
> (415) 659-5965 (San Francisco)
> (213) 457-8311 (Los Angeles)
> rphillips@reedsmith.com
> www.reedsmith.com
> Reed SmithLLP
> 101 Second Street
> Suite 1800
> San Francisco, California 94105
> (415) 543-8700
> (415) 391-8269 (fax)
>
> 355 South Grand Avenue
> Suite 2900
> Los Angeles, California 90071

> (213) 457-8000
> (213) 457-8080 (fax)
>
>
> -----Original Message-----
> From: Rob Gianelli [mailto:rob.gianelli@gmlawyers.com]
> Sent: Friday, June 17, 2011 4:06 PM
> To: Phillips Jr., Robert D. (Bo)
> Subject: Vaccarino v. Midland
>
> Bo, please see attached. Let me know what you would like me to do
> regarding service.
>
> * * *
>
> This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.
> * * *
> To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.
> Disclaimer Version RS.US.1.01.03
> pdc1
>
>

# EXHIBIT 5.

# EXHIBIT 5.

1 | ROBERT S. GIANELLI, #82116
LOTTE COLBERT, # 207157
2 | RICHARD R. FRUTO, #200748
3 | GIANELLI & MORRIS, A Law Corporation
626 Wilshire Blvd., Suite 800
4 | Los Angeles, CA 90017
Tel: (213) 489-1600; Fax: (213) 489-1611
5 |
6 | RONALD A. MARRON, #175650
LAW OFFICES OF RONALD A. MARRON
7 | A Professional Law Corporation
3636 Fourth Avenue, Suite 202
8 | San Diego, CA 92103
Tel: (619) 696-9006;  Fax: (619) 564-6665
9 |
10 | <u>Attorneys for Plaintiff</u>
ROSALIE VACCARINO
11 |
12 |                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
13 |                          FOR THE COUNTY OF LOS ANGELES
14 |
15 | ROSALIE VACCARINO, on behalf of herself     )   CASE NO.: BC463793
and all others similarly situated;           )   Action Filed:  June 17, 2011
16 |                                              )   <u>Assigned to: Hon.  Elihu M. Berle, Dept. 323</u>
                                             )
17 |                          Plaintiff,        )
                                             )   **NOTICE OF ORDER OF SETTING**
18 |            v.                              )   **INITIAL STATUS CONFERENCE**
                                             )   **AND NOTICE OF MINUTE ORDER**
19 |                                              )
                                             )
20 | MIDLAND NATIONAL LIFE INSURANCE          )
21 | COMPANY; and DOES 1-100, Inclusive,      )
                                             )
22 |                          Defendants.       )
                                             )
23 |
24 | TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:
25 |            Notice is hereby given that the Court has set an Initial Status Conference on October 5,
26 | 2011 at 11:00 am.   A true and correct copy of the Court's Order is attached hereto as Exhibit 1
27 | and a true copy of the Court's Minute Order is attached hereto as Exhibit 2.
28 |

---

1

*Notice of Order of Setting Initial Conference and Notice of Minute Order*

1

2       Plaintiff was ordered to give notice.

3    DATED: July 12, 2011                GIANELLI & MORRIS
4                                        LAW OFFICES OF RONALD A. MARRON
5

6

7    By: _____
                                         ROBERT S. GIANELLI
8                                        LOTTE COLBERT
                                         RICHARD R. FRUTO
9                                           Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    2

# [EXHIBIT 01]

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ORIGINAL FILED

JUL 05 2011

LOS ANGELES
SUPERIOR COURT

ROSALIE VACCARINO, on behalf of herself
and all others similarly situated;

           Plaintiffs

VS.

MIDLAND NATIONAL LIFE INSURANCE
COMPANY;  and DOES 1-100, inclusive,

           Defendants

Case No.:  BC463793

**INITIAL STATUS CONFERENCE ORDER**

Complex Litigation Program

The Honorable Elihu M. Berle
Department 323
Date: October 5, 2011
Time: 11:00 a.m.

     This case has been assigned for all purposes to Judge Elihu M. Berle in the Complex Litigation Program of the Los Angeles Superior Court.

     An Initial Status Conference has been set for October 5, 2011 at 9:00 a.m. in Department 323, Central Civil West Courthouse, located at 600 S. Commonwealth Avenue, Los Angeles, CA 90005. Counsel for all parties are ordered to attend this Initial Status Conference.

     To facilitate the management of this complex case through the development of orderly schedules for briefing and hearings on procedural and substantive challenges to the complaint, discovery, and other issues, pending further order of this Court, and except for service of the summons and complaint and as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any

1  responsive pleadings, including any answer, demurrer, motion to strike, or motions challenging

2  the jurisdiction of the Court. However, any defendant may file a Notice of Appearance for

3  purposes of identification of counsel and preparation of a service list. The filing of such a

4  Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the

5  Court, or substantive or procedural challenges to the Complaint; without prejudice to any

6  affirmative defense; and without prejudice to the filing of any cross-complaint in this action.

7  This stay shall not preclude the parties from continuing to informally exchange documents that

8  may assist the parties in their initial evaluation of the issues presented in this case; however, it

9  shall stay all outstanding discovery requests.

10       Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of

11  Civil Procedure Section 170.6.

12       Counsel for all parties are ordered to meet and confer in person no later than fifteen

13  (15) days before the Initial Status Conference date to discuss the following matters, and to

14  prepare to address these issues with this Court at the Initial Status Conference.

15       1.   Consideration of any issues of recusal or disqualifications;

16       2.   Consideration of any issues of jurisdiction or venue;

17       3.   Parties to the action and the addition of parties;

18       4.   Claims and defenses; including cross claims;

19       5.   Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation,

20            mandatory settlement conference, arbitration, mini-trial, etc.);

21       6.   Whether a structure of representation such as liaison/lead counsel is appropriate

22            for the case in light of multiple plaintiffs and/or multiple defendants;

23       7.   Whether it is appropriate to reduce the number of parties upon whom service of

24            documents must be made;

25       8.   The creation of a single master file for the litigation to eliminate the need for

         multiple filings of similar documents when related cases have common parties;

     9.   The handling of any potential publicity issues;

– 2 –
INITIAL STATUS CONFERENCE ORDER

10.   Procedures for the drafting of a Case Management Order, if appropriate;

11.   A plan for preservation of evidence, and uniform system for identification of documents throughout the course of the litigation;

12.   A plan for document disclosure/production and other discovery;

13.   Whether it is advisable to schedule discovery in phases, so that information needed to conduct meaningful ADR is obtained early in the case, with the option of later completing discovery if the ADR effort is unsuccessful;

14.   Any issues involving the protection of evidence and confidentiality;

15.   Issues of law that, if determined early in the case, may simplify or further resolution of the case;

16.   Whether a website should be established for electronic service, storage and delivery of court-filed documents, and as a depository for discovery related documents;

17.   Target discovery completion and trial dates;

Counsel for plaintiff is to take the lead in preparing a Joint Initial Status Conference Report to be filed five (5) court days prior to the Initial Status Conference.  The Joint Report shall address:

1.   Service list of all parties and counsel (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses and fax numbers for all counsel). The Court will issue an Order requiring electronic service.

2.   Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;

3.   A statement as to whether additional parties are likely to be added and a proposed date by which all such parties must be served;

4.   An outline of the claims and cross-claims and the parties against whom each claim is asserted;

-3-

INITIAL STATUS CONFERENCE ORDER

5.   A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;

6.   Applicability and enforceability of any arbitration clauses;

7.   A description of the core factual and legal issues. The parties should address any specific contract or statutory provisions, the interpretation of which may assist in resolution of significant issues in the case.

8.   A description of legal issues that, if decided by the court, may simplify or further resolution of the case;

9.   If this is a class action, the parties should also provide their best estimate of the size of the putative class that Plaintiffs seek to represent;

10.  A description of all discovery completed to date, and any outstanding discovery as of the date of the conference;

11.  Whether discovery should be conducted in phases or limited in some fashion. If so, the parties should discuss the phases and sequence, and any types of limitations on discovery. (If this is a class action, the parties should address the issue of limited merits discovery in advance of class certification motions);

12.  Any issues regarding discovery of electronically stored information, including a plan for discovery directed to electronically stored information and any issues that must be addressed by the Court and the parties to facilitate and manage the production of such information. At a minimum, the following issues should be considered: (1) the information management systems employed by the parties; (2) the location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard drives maintained by target custodians); (3) the format in which electronically stored information will be produced; (4) the type of ESI that will be produced, i.e., data files, emails, etc.; (5) appropriate search criteria for focused requests.

-4-

INITIAL STATUS CONFERENCE ORDER

13.    Whether particular documents relevant to the case can be voluntarily exchanged by agreement of the parties, and whether information concerning relevant witnesses can be exchanged by agreement of the parties.

14.    The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

15.    For insurance coverage cases and construction defect cases, an insurance coverage chart listing each policy of potential insurance coverage, including the names of insurers and insureds, effective dates of the policy, policy limits, amount of monies previously paid out on the policy, whether the policy limits have been exhausted, and whether the policy is primary, excess, umbrella, etc;

16.    A proposed discovery cut-off date; and

17.    A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Status Conference Report, the positions of each party shall be set forth separately in the Joint Report. The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case. The Court is particularly interested in identifying potentially dispositive or significant threshold issues which may assist in early resolution or moving the case toward effective ADR and/or a final disposition.

Counsel are reminded of their responsibility to file a notice of related cases pursuant to California Rule of Court 3.300(b) and Los Angeles County Superior Court Rule 7.3(f). Related cases include cases pending in other counties and in federal court. (*See* California Rule of Court 3.300(b).) These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.,* California Rule of Court 3.300(f).)

Plaintiffs' counsel is directed to serve copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order.

— 5. —

INITIAL STATUS CONFERENCE ORDER

1
2
3
4   IT IS SO ORDERED.
5
6   DATED:        JUL 0 5 2011
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

ELIHU M. BERLE
_____
ELIHU M. BERLE
Judge of the Superior Court

— 6 —
INITIAL STATUS CONFERENCE ORDER

[EXHIBIT 02]

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 07/05/11 | DEPT. 323 |
| HONORABLE ELIHU M. BERLE          JUDGE | S. McKINNEY          DEPUTY CLERK |
| HONORABLE                         JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| 5          J. BALTAZAR, C.A.          Deputy Sheriff | NONE          Reporter |

| | | |
|---|---|---|
| 8:30 am | BC463793 | Plaintiff Counsel |
| | ROSALIE VACCARINO | NO APPEARANCES |
| | VS | |
| | MIDLAND NATIONAL LIFE INSURANCE COMPANY | Defendant Counsel |
| | COMPLEX 6/23/11 | |

**NATURE OF PROCEEDINGS:**

COURT ORDER SETTING INITIAL STATUS CONFERENCE

This case has been reassigned to Judge Elihu M. Berle in Department 323, Central Civil West Courthouse, for all purposes.

The Court sets an Initial Status Conference on October 5, 2011, at 11:00 a.m. in CCW-Department 323.

The Court makes further orders pursuant to the "Initial Status Conference Order" signed and filed this date.

Counsel for plaintiffs is to serve a copy of this minute order as well as the attached "Initial Status Conference Order" on all parties and file proof thereof directly in Department 323.


CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the above-entitled Court, do hereby certify that I am not a party to the cause herein, and that this date I served Notice of Entry of the above minute order of July 5, 2011 upon each party or counsel named below by depositing in the United States mail at the

Page    1 of  2     DEPT. 323

MINUTES ENTERED
07/05/11
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/05/11

DEPT. 323

HONORABLE ELIHU M. BERLE                     JUDGE   S. McKINNEY          DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM                          ELECTRONIC RECORDING MONITOR

5          J. BALTAZAR, C.A.          Deputy Sheriff   NONE                Reporter

| | | |
|---|---|---|
| 8:30 am | BC463793 | Plaintiff Counsel |
| | | NO APPEARANCES |
| | ROSALIE VACCARINO VS MIDLAND NATIONAL LIFE INSURANCE COMPANY | Defendant Counsel |
| | COMPLEX 6/23/11 | |

**NATURE OF PROCEEDINGS:**

courthouse in Los Angeles, California, one copy of
the original entered herein in a separate sealed
envelope for each, addressed as shown below with the
postage thereon fully prepaid.

Date: July 5, 2011

John A. Clarke, Executive Officer/Clerk

By:  _____
        S. McKinney, deputy

Robert S. Gianelli, Esq.
GIANELLI & MORRIS
626 Wilshire Boulevard,  Suite 800
Los Angeles, CA  90017

Page   2 of  2    DEPT. 323

MINUTES ENTERED
07/05/11
COUNTY CLERK

**PROOF OF SERVICE**

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is 626 Wilshire Blvd., Suite 800, Los Angeles, CA 90017.

  On July 12, 2011, I served the foregoing document described as **NOTICE OF ORDER OF SETTING INITIAL STATUS CONFERENCE** on the interested parties in this action by placing a true copy (*the original) thereof enclosed in a sealed envelope addressed as follows:

**X**  **(By Mail)** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**X**  **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 12, 2011 at Los Angeles, California.

Leticia Mejia

## SERVICE LIST

1
2
3
4   Robert D. Phillips, Jr.          **COUNSEL FOR DEFENDANTS:**
5   Reed Smith, LLP                  MIDLAND NATIONAL LIFE INSURANCE CO.
    355 South Grand Ave., Suite 2900
6   Los Angeles, CA 90071-1514
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RECEIVED

JUL 1 3 2011

REED SMITH LLP.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge John F. Walter and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 5858 JFW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

---

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| ROSALIE VACCARINO | MIDLAND NATIONAL LIFE INSURANCE COMPANY |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Robert S. Gianelli / Lotte Colbert<br>GIANELLI & MORRIS, ALC<br>626 Wilshire Blvd., Suite 800<br>Los Angeles, CA 90017<br>(213) 489-1600 | Robert D. Phillips<br>Kathy J. Huang<br>REED SMITH LLP<br>355 South Grand Ave., Suite 2900<br>Los Angeles, CA 90071<br>(213) 457-8000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ 5,000,001.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441 and 1446. Putative class action for breach of contract, violation of UCL, fraud and declaratory relief

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:   Case Number:   **CV11-5858**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

P.002        JUL-15-2011   14:01

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Iowa |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date June 15, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

P.003                                                  JUL-15-2011  14:01