Robert S. Gianelli (SBN 82116)
Email: rob.gianelli@gmlawyers.com
Lotte Colbert (SBN 207157)
Email: lotte.colbert@gmlawyers.com
Jully C. Pae (SBN 233565)
Email: jully.pae@gmlawyers.com
GIANELLI & MORRIS, A Law Corporation
626 Wilshire Blvd., Suite 800
Los Angeles, CA 90017
Telephone: +1 213 489 1600
Facsimile: +1 213 489 1611

Attorneys for Plaintiff Rosalie Vaccarino

Robert D. Phillips, Jr. (SBN 82639)
Email: rphillips@reedsmith.com
Kathy J. Huang (SBN 240677)
Email: khuang@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Defendant
Midland National Life Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE VACCARINO, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY; and DOES 1-100, Inclusive,<br><br>Defendant. | No.: 2:11-CV-05858-CAS (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**<br><br>Compl. Filed:   June 17, 2011<br>Compl. Removed:  July 15, 2011<br>Trial Date:       None Set<br><br>Honorable Christina A. Snyder |

1  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the
2  parties' Stipulated Protective Order Regarding Confidential and Trade Secret
3  Information ("Stipulation") filed on September 1, 2011, the terms of the protective
4  order to which the parties have agreed are adopted as a protective order of this Court
5  (which generally shall govern the pretrial phase of this action) except to the extent, as
6  set forth below, that those terms have been substantively modified by the Court's
7  amendment of Paragraphs 1, 8, 12, 13, 15, and 17 of, and Exhibit A to, the
8  Stipulation.

9  The parties are expressly cautioned that the designation of any information,
10 document, or thing as "CONFIDENTIAL," "Confidential Information," or other
11 designation(s) used by the parties, does not, in and of itself, create any entitlement to
12 file such information, document, or thing, in whole or in part, under seal.
13 Accordingly, reference to this Protective Order or to the parties' designation of any
14 information, document, or thing as "CONFIDENTIAL," "Confidential Information,"
15 or other designation(s) used by the parties, is wholly insufficient to warrant a filing
16 under seal.

17 There is a strong presumption that the public has a right of access to judicial
18 proceedings and records in civil cases. In connection with non-dispositive motions,
19 good cause must be shown to support a filing under seal. The parties apparently have
20 endeavored, through the good cause statement set forth in their Stipulation, to make a
21 prospective showing of good cause. The Court has stricken their good cause
22 statement, because a specific showing of good cause or compelling reasons (see
23 below) for filing under seal, **with proper evidentiary support and legal
24 justification**, must be made with respect to each document or item designated as
25 "CONFIDENTIAL," "Confidential Information," or other designation(s) used by the
26 parties, which a party seeks to have filed under seal. The parties mere designation of
27 any information, document, or thing as "CONFIDENTIAL," "Confidential
28 Information," or other designation(s) used by the parties, does not -- **without the**

1 **submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

### TERMS OF THE PROTECTIVE ORDER

1. **[OMITTED BY THE COURT]**

## 2. DEFINITION OF "CONFIDENTIAL INFORMATION"

For purposes of this Protective Order, "Confidential Information" shall mean the following types of documents and information:

(a) information that constitutes a trade secret including, without limitation, information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, could result in prejudice or harm to the disclosing party;

(b) non-public financial or actuarial projections, analyses, or studies;

(c) non-public communications with regulators, Departments of Insurance, or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation; and

(d) policyholder-specific information.

2.1 Any copies or reproductions, excerpts, summaries, or other documents or media that contain or incorporate Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Protective Order.

2.2 Nothing in this Protective Order shall be construed as requiring Midland to produce any personal or identifying information regarding any individual, nor any other policyholder information that is protected from disclosure under applicable state or federal law.

## 3. MARKING DOCUMENTS "CONFIDENTIAL"

The Designating Party shall designate Confidential Information by stamping any document or material produced to a Party with the legend "CONFIDENTIAL" or by informing the Parties of the designation in writing at the time of production. Any such stamp or designation shall not, in any manner, cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. As reasonably practicable, to the extent that a document or other material contains both Confidential Information and non-confidential information, the Designating Party shall clearly delineate the particular portions that

constitute Confidential Information and the remaining portions of the document or material shall be deemed not to be Confidential Information.

## 4. DESIGNATING DEPOSITIONS "CONFIDENTIAL"

With respect to any deposition, confidential treatment may be invoked by designating testimony as "Confidential" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition. All deposition transcripts shall be treated as Confidential Information for 30 days following receipt of the final transcript, unless the Parties otherwise agree.

## 5. USE OF "CONFIDENTIAL" MATERIAL

Material designated by a Party or non-party, or by counsel for a Party or non-party, as Confidential Information under this Protective Order shall be used by persons receiving it only for the purposes of the litigation or settlement of this Action. Any person in possession of Confidential Information must exercise reasonable care with regard to its storage, custody and use to ensure that the confidential nature of the same is maintained.

## 6. INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL: NO WAIVER

If at any time prior to the trial of this Action, a Party or non-party realizes that previously undesignated documents or other material should be designated as Confidential Information, the Party or non-party may so designate by advising the Parties in writing. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Protective Order. Upon receipt of such designation in writing, the Parties and all other persons subject to this Protective Order shall take reasonable and appropriate action to notify any and all recipients of the material about the protected status of the newly designated Confidential Information and to retrieve the newly designated Confidential Information from any person who is not permitted by this Protective Order to have Confidential Information.

///

**7.   "QUALIFIED PERSONS"**

Confidential Information may be disclosed only to the following "Qualified Persons":

(a) the Court, including attorneys, employees, judges, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function and whose duties require access to Confidential Information;

(b) the Parties and counsel of record for the Parties, including all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel and support personnel of such counsel who are assisting counsel of record for the Parties in connection with the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual, and clerical employees, and agents thereof, operating under the supervision of such partners or associate attorneys in connection with the Action;

(c) litigation support services personnel, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, retained by a Party or its counsel in connection with the Action;

(d) consulting or testifying experts, including associated personnel necessary to assist experts in the Action, provided that such expert or consultant is not employed by, or a consultant to, a competitor of the Party or non-party whose Confidential Information is to be disclosed;

(e) any person who created or authored such Confidential Information and any persons to whom the Confidential Information has been previously disclosed;

(f) auditors and insurers of the Parties;

(g) any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Action; and

(h) Witnesses at depositions or other proceedings in the Action, where counsel for the examining Party believes in good faith that disclosure is necessary to develop the testimony of such witnesses.

## 8. DESIGNATIONS TO BE MADE IN GOOD FAITH

The Parties agree to limit their designation of Confidential Information solely to **documents,** information**, and things** that they, in good faith, believe **qualify** for such designation under this Protective Order. No Party receiving Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

## 9. EXECUTING THE NON-DISCLOSURE AGREEMENT

Each person to whom Confidential Information is disclosed, except the persons identified in ¶¶ 7 (a), (b), (c) (e), and (g) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information. Copies of the executed Exhibit A shall be retained by any Party disclosing Confidential Information to such person, and counsel for any Party to the Action that receives Confidential Information from a Designating Party shall obtain and retain a copy of all such executed agreements pertaining to any such persons who obtain Confidential Information directly or indirectly from such Party to the Action. Counsel for the receiving Party shall be responsible for ensuring compliance with the non-disclosure agreement by all persons to whom it provides Confidential Information directly or indirectly.

## 10. CHALLENGING "CONFIDENTIAL" DESIGNATIONS

A Party objecting to the designation of any material as Confidential Information shall give written notice to the Designating Party. Within 14 days of receipt of the written objection, the Designating Party shall serve a letter on the objecting Party, in accordance with Local Rule 37-1, responding to the objection and requesting a

conference to meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention. If, after complying with the procedures set forth in Local Rule 37-1, the objecting Party and the Designating Party cannot resolve their dispute, the Designating Party, within 21 days after the good faith conference, or such other time period as may be agreed to by the Parties, must file a motion with the Court to continue the designation of the material as Confidential Information. The Designating Party has the burden of establishing that the document is entitled to protection. Provided that the Designating Party makes an application to the Court within the time period set forth above, any material so designated shall remain Confidential Information, and shall be subject to all of the restrictions on its disclosure and use set forth in this Protective Order until such time as the Court determines otherwise.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER PROTECTED INFORMATION

Inadvertent production or other disclosure of documents or information subject to work-product immunity, the attorney-client privilege, or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing Party or non-party notifies each receiving Party in writing in a reasonably prompt manner after it confirms such inadvertent production. The written notice shall identify the inadvertently produced document(s), and describe the basis for requesting the return or destruction of each inadvertently produced document. Upon receipt of the written notice, each receiving Party and non-party shall promptly comply with the request and return or destroy such documents. If the producing and receiving parties do not agree that the document is entitled to protection, they shall follow the procedures in the paragraph above for challenging "Confidential" designations. Any Party or non-party having received privileged or protected information produced inadvertently is expected to comply with the requirements of this paragraph as soon as it is known or should be known that the document and information contained therein is privileged and/or protected. The

Parties and any non-parties shall have the benefit of all limitations on waiver afforded by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). Any inadvertent disclosure of privileged information shall not operate as a waiver in any other federal or state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure of privileged information shall be binding on non-parties.

**12.   SUBPOENA FOR CONFIDENTIAL INFORMATION**

If any Party has obtained Confidential Information under the terms of this Protective Order and receives a request to produce such Confidential Information by subpoena or other compulsory process commanding the production of such Confidential Information, such Party shall promptly (within 3 business days) notify the Designating Party, including in such notice the date set for the production of such subpoenaed information and, unless prohibited by applicable law, enclosing a copy of the subpoena (or other form of process), and shall object to the process or subpoena and not produce or disclose the Confidential Information until any dispute between the requesting party and the Designating Party is resolved **by the parties or a court order has been entered that requires such production or disclosure.  Nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.**

**13.   FILING CONFIDENTIAL INFORMATION**

All documents or things filed with the Court that comprise or contain Confidential Information, or that refer to or in any way disclose Confidential Information (including pleadings, motions, or other submissions), shall be **submitted for filing** under seal in accordance with the Local Rules, particularly Local Rule 79-5.1.

**14.   NO LIMITATION ON USE OF OWN INFORMATION**

Nothing herein shall impose any restriction on the use or disclosure by a Party of its own information or of information that lawfully came into the possession of the Party independent of any disclosure of information in this litigation.  Nothing

contained in this Protective Order shall be construed as preventing any Party or non-party from seeking greater protections or confidentiality for particular Confidential Information.

### 15. USE OF CONFIDENTIAL INFORMATION AT TRIAL

The Parties shall disclose any exhibits containing Confidential Information that they intend to introduce at trial, and the Parties shall be prepared at the Final Pretrial Conference to **address with the Court** how such exhibits shall be used at trial and what protection**, if any,** from disclosure is warranted.

### 16. ORDER SURVIVES TRIAL

This Order shall be binding throughout and after final adjudication of this action, including, but not limited to, final adjudication of any appeals and petitions for extraordinary writs. Nothing in this Protective Order shall be construed to contradict any provision of law.

### 17. FINAL TERMINATION

Upon final termination of this Action, including any and all appeals, counsel for each Party shall, upon request of the Designating Party, return all Confidential Information to the party that produced the information, including any copies, excerpts and summaries thereof, including all copies provided to Qualified Persons, **except those persons described in ¶ 7(a),** or shall destroy the same at the option of the receiving Party, and shall purge all such information from all machine-readable media on which it resides, including with respect to Qualified Persons. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work-product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by

this Protective Order with respect to all such retained information.

**18.   MODIFYING THIS ORDER**

Nothing in this Protective Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Protective Order or seeking relief from the Court.  Nor shall anything in this Protective Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**IT IS SO ORDERED.**

Dated:  September 23, 2011

*Margaret A. Nagle*

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE VACCARINO, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY; and DOES 1-100, Inclusive,<br><br>Defendant. | No.: 2:11-CV-05858-CAS (MANx)<br><br>**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**<br><br>Compl. Filed: June 17, 2011<br>Compl. Removed: July 15, 2011<br>Trial Date: None Set<br><br>Honorable Christina A. Snyder |

I, the undersigned, hereby declare that I have read the attached Protective Order Entered Pursuant to the Parties' Stipulation entered in the above-captioned Action. I understand the terms of, will comply with, and agree to be bound by all of the provisions of the Protective Order Entered Pursuant to the Parties' Stipulation.

DATED:

_____
Signature

_____
Print Name