UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| RITA SANCHEZ | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Lotte Colbert
Robert Gianelli

Attorneys Present for Defendants:

Robert Phillips, Jr.

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS** (filed July 22, 2011)

## I. INTRODUCTION

On June 17, 2011, plaintiff Rosalie Vaccarino ("plaintiff" or "Vaccarino") filed this putative class action against defendant Midland National Life Insurance Company ("defendant" or "Midland") in the Los Angeles County Superior Court alleging claims for violation of California Business and Professions Code § 17200, et seq. ("Unfair Competition Law" or "UCL"), fraud, breach of contract, and requesting a declaration of rights under the annuities contracts. On June 15, 2011, defendant removed the action to federal court pursuant to 28 U.S.C. 1441 and the Class Action Fairness Act, 28 U.S.C. § 1332.[1]

On July 22, 2011, defendant filed the instant motion to dismiss. Plaintiff filed an opposition on August 1, 2011. Defendant replied on August 8, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that in Peterman v. North American Co. For Life and Health Ins.,

---

[1] This case was originally assigned to Judge John Walker. It was transferred to this Court on the basis of a related national class action, In re Midland National Life Ins. Co. Annuity Sales Practices Litigation, No. CV 07-1825 (CAS) (MANx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Los Angeles Superior Court Case No. BC357194, a class of persons age 65 and older alleged that Midland's deferred annuities they purchased[2] failed to provide proper disclosures of costly surrender penalties, and hid the costs of a purported bonus and high sales commissions. According to plaintiff, during the course of that case, which Midland settled before trial, the Superior Court determined that Midland had failed to properly disclose surrender penalties rendering them unenforceable. Plaintiff alleges that Midland has not provided redress for purchasers age 64 and under. Compl. ¶ 1.

  Plaintiff further alleges that Midland has been actively engaged in deceptive and unlawful business practices, in that it has induced sales agents to sell its annuities over those of other companies by offering exorbitant sales commissions and arming agents with "user friendly" products that purportedly provide a "bonus" and other benefits. Id. ¶¶ 5–7. Plaintiff further asserts that Midland knew that the bonus and high commissions were costs that it would "claw back" from purchasers by lowering the amount of the returns it was required to credit each year under the contracts. Id. ¶ 7.

  According to plaintiff, Midland has used standardized sales brochures and disclosure statements to sell its deferred annuities. In these materials, plaintiff asserts that Midland made misrepresentations such as that a "bonus" would be provided, and failed to disclose material facts including that Midland paid sales agents exorbitant commissions. Plaintiff avers that Midland has required sales agents to provide these materials to all prospective purchasers at the point of sale and has prohibited agents from making any statements that differ from the sales materials. Id. ¶¶ 8–11.

  With respect to those purchasers who surrendered their annuities prior to the end of the surrender period, plaintiff alleges that Midland applied surrender penalties, which it boosted through an "interest adjustment" provision to shift the risk of changing interest rates from itself to purchasers. According to plaintiff, the annuities do not state how the adjustment functions, but instead set forth a "three-variable fractional exponential formula," which has a built-in bias towards a loss in value. Id. ¶ 12.

---

  [2] Deferred annuities defer payments until annuitization, which results in a stream of payments at the end of the contract period. During the deferral period, an insurer credits monies to the purchaser's "Accumulation Value."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

As to purchasers between the ages of 60 and 64, plaintiff contends that Midland failed to provide proper disclosures of surrender charges and the interest adjustment as required by California Insurance Code § 10127.13.  Id. ¶ 13.

Plaintiff alleges that she was 63 years old when she purchased a "Legacy Bonus 11" deferred annuity from a Midland sales agent who provided her with a standardized sales brochure and disclosure statement.  Plaintiff contends that she and the agent signed the disclosure statement, which contained an attestation by the sales agent that he had not diverged from Midland's standard materials.  The materials purportedly represented to plaintiff that her annuity would provide an 11% bonus and "enhanced growth potential without market-type loss," and that tax-deferred growth would allow plaintiff's money to "grow faster."  Id. ¶ 14.

### III. LEGAL STANDARD

#### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

## IV. DISCUSSION

Defendant argues that each of plaintiff's claims is barred by the applicable statutes of limitations, that plaintiff's fraud claim fails because it is not pled with particularity, that plaintiffs contract claims fail because plaintiff has not alleged the contract's essential elements, that plaintiff's UCL claim fails because plaintiff has not sufficiently alleged any "unlawful," "unfair," or "fraudulent" conduct, and finally that plaintiff's claim for declaratory relief fails because it must be premised on an underlying substantive claim. The Court addresses each argument in turn, and for the reasons articulated below dismisses plaintiff's complaint in its entirety without prejudice.

### A. Statutes of Limitations

Midland first argues that all of plaintiff's claims are barred by the applicable statutes of limitations. Midland contends plaintiff's claims accrued on June 23, 2003, the date she purchased her annuity, and are therefore time-barred. Id. at 7. Moreover, while it disputes that any of the applicable statutes of limitations is subject to tolling, Midland contends that in any event, plaintiff has failed to plead facts giving rise to tolling. Id. at 8 n. 5 (citing Wasco Prods., Inc. v. Southwall Technologies, Inc., 434 F.3d 981, 991 (9th Cir. 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Plaintiff responds that none of her claims is time-barred because the date the contract issued is not when each claim accrued. The Court addresses each claim individually.

### 1. Fraud

The statute of limitations for a fraud claim in California is three years. Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1024 (9th Cir. 2008).

Plaintiff contends that her fraud claim did not accrue until she discovered the facts constituting Midland's fraud. Opp'n at 5 (citing Cal. Code of Civ. Proc. § 338(d)). Because there was "no possible way" for plaintiff to discover Midland's fraudulent practices, plaintiff argues that her fraud claim is not time-barred. Id. Plaintiff does not allege when she in fact discovered Midland's fraudulent conduct or why she could not have discovered it earlier.

The Court finds that plaintiff was obligated to affirmatively plead why she delayed the filing of her lawsuit. This is so because "when a complaint affirmatively indicates that the alleged fraud occurred at a remote time, such that it would ordinarily be barred by the statute of limitations, it becomes the duty of the plaintiff who seeks to rely on the 'discovery rule' to affirmatively plead the date of discovery, as a material averment under F.R.C.P. 9(b)." Stewart Coach Indus. Inc. V. Moore, 512 F. Supp. 879, 886 (D.C. Ohio); accord Aloe Vera of Am., Inc. v. United States, 580 F.3d 867, 870 (9th Cir. 2009). Here, because the date of discovery is conspicuously absent from plaintiff's complaint, she fails to state a viable claim for fraud. Importantly, if plaintiff alleges in her amended complaint that she discovered defendant's fraudulent conduct more than three years prior to the filing of her complaint, plaintiff will also have to allege facts showing her diligence despite her failure to discover the fraud.

### 2. Breach of Contract

Under California law, the statute of limitations for a breach of contract action is four years. United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921–22 (9th Cir. 2009). A claim for breach of contract "ordinarily accrues at the time of breach." 3 Witkin: California Procedure § 520 (5th ed. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Plaintiff contends that the "delayed discovery" rule also applies to her breach of contract claims. Specifically, relying on Weatherly v. Universal Music Publishing Group, 125 Cal. App. 4th 913, 918–19 (Cal. Ct. App. 2004), plaintiff maintains that the rule applies where a breach of contract is surreptitiously committed and where the harm flowing from the breach is not reasonably discoverable until a future time. Id. at 8. Moreover, plaintiff argues that because Midland resets rates each year, any claim for breach of contract "begins anew." Id. at 9. Finally, plaintiff contends that her claim relating to the surrender charges accrued when Midland applied them rather than when the contract was issued. Id. at 11 (citing Butcher v. Truck Ins. Exchange, 77 Cal. App. 4th 1442, 1467–70 (Cal. Ct. App. 2000) (holding that agent and insurer's failure to provide requested coverage did not accrue upon delivery of the non-conforming policy but upon insurer's subsequent refusal to defend)).

The Court finds that because plaintiff alleges she purchased a contract with illegal, unenforceable, and harmful features in 2003, plaintiff's claim relating to contract formation fails because plaintiff has neglected to plead the date of discovery and her diligence such that the "discovery rule" does not apply.

However, plaintiff's contention that Midland's improper crediting of interest each year constituted "periodic breaches" has merit. In reaching this conclusion, the Court finds inapposite Midland's citation to Soliman v. Philip Morris, Inc., 311 F.3d 966, 972 (9th Cir. 2002) (holding that under California law, if the statute of limitations bars an action based upon harm immediately caused by a defendant's wrongdoing, a separate cause of action based on subsequent harm arising from that wrongdoing is also barred). Unlike in Soliman, where the Ninth Circuit held that a plaintiff's later *injuries* grew out of defendant's initial misconduct, here plaintiff contends that a new *breach* occurs each time defendant improperly credits interest. See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 1375, 1389 (Cal. Ct. App. 2004) ("The context of continuing–that is, periodic–accrual for periodic breach is to be distinguished from that of a single breach or other wrong which has continuing impact."). Accordingly, if plaintiff were to specifically allege that Midland improperly credited interest within the four years prior to filing this suit, her claim would not be time-barred.

Finally, plaintiff's contention that a breach of contract occurred when defendant applied the surrender charges fails for the simple reason that plaintiff has neglected to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

allege whether the interest adjustment and surrender charge were applied to her, and if so, whether they were applied within the four years prior to her filing of this lawsuit. The Court also notes that if plaintiff were to allege that the surrender charger were applied to her more than four years prior to filing this suit, she would be required to plead specific facts regarding her diligence in order to gain the benefit of the discovery rule.

### 3. UCL

A claim for unfair competition under Business and Professions Code § 17200 must be brought within four years after its accrual. Cal. Bus. & Prof. Code § 17208; Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc., 285 F.3d 848, 857 (9th Cir. 2002). Although the California Supreme Court has not yet decided whether the "discovery rule" applies to claims for unfair competition, one California Court of Appeal recently held that in the context of an unfair competition claim based on allegedly deceptive marketing materials and sales practices, "the time to file a section 17200 cause of action starts to run only when a reasonable person would have discovered the factual basis for a claim." Broberg v. The Guardian Life Ins. Co. of America, 171 Cal. App. 4th 912, 920–21 (Cal. Ct. App. 2009)).

Accordingly, if plaintiff were to have pled specific facts regarding her diligence and failure to discover the factual bases for her claims, she would be entitled to the benefits of the "delayed discovery" rule with respect to her UCL claims. However, because she has not done so, her UCL claim fails in the same manner as her fraud and contract claims discussed above.[3]

### 4. Declaratory Relief

---

[3] The Court notes that to the extent plaintiff's UCL claim is premised on defendant's "periodic breach" in failing to properly credit interest or on the application of the surrender charge, the UCL claim may not be time-barred even without the application of the "discovery rule." However, plaintiff has not alleged specific facts in her complaint regarding when Midland failed to properly credit interest to her annuity as well as if and when Midland applied the surrender penalty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Finally, the Court finds that plaintiff's claim for declaratory judgment as presently pled is also time-barred.

For requests for declaratory relief, the statute of limitations is the one applicable to an ordinary legal or equitable action based on the same claim. Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1155 (Cal. Ct. App. 1991).

Accordingly, to the extent plaintiff's claim for declaratory relief is premised on a claim relating to contract formation, it is time-barred because plaintiff has failed to plead facts supporting the tolling of the normal statute of limitations through the "discovery rule." However, insofar as it is premised on her claim relating to defendant's improper crediting of interest or the enforcement of the surrender penalty, plaintiff's request for a declaration of rights would not be time-barred notwithstanding the applicability of the "discovery rule." That is, were plaintiff to allege specific facts that defendant has committed a breach of contract within the four years prior to her filing of this action, plaintiff's request for a declaration of rights under contract would not be time-barred.

### B. Particularity of Fraud-Based Claims

Plaintiff argues that her common law fraud and UCL fraud prong claims are adequately pled because Midland's participation in litigation over identical issues in Peterman and over similar issues in this Court in In re Midland National Life Ins. Co. Annuity Sales Practice Litigation, MDL No. 07-1825 CAS (MANx) and in the District of Hawaii in Yokoyama v. Midland National Life Ins. Co, No. CV 05-003003 (JMS), have provided defendant with "more information than any complaint could ever provide." Opp'n at 12. Furthermore, plaintiff contends that she has set forth how the same issues involved in her case were litigated for purchasers age 65 and older in Peterman as well as that she has alleged the "specifics of the fraud." Id.

The Court finds that plaintiff's complaint has not adequately alleged the particular factual circumstances of Midland's purported fraud to satisfy the heightened pleading requirements of Rule 9(b). See Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009). In reaching this determination, the Court notes that nearly all of plaintiff's allegations pertain to Midland's general conduct. The allegations relating to her

Case 2:11-cv-05858-CAS-MAN   Document 38   Filed 11/14/11   Page 10 of 13   Page ID #:520

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

transaction are limited to a single paragraph in the complaint, which lacks critical information including the following: (1) the specific source of each alleged misrepresentation; (2) whether plaintiff actually read any materials prior to her purchase, and if so, what they were and when she read them; (3) exactly when the misrepresentations were made; (4) whether plaintiff was actually unaware of any allegedly concealed information; and (5) the extent of any damages. In sum, plaintiff's general allegations lack the specificity required to give Midland "notice of the particular misconduct so that [it] can defend against the charge." Kearns, 567 F.3d at 1124.

### C.     Breach of Contract

To state a claim for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach, and resulting damage. Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008).

Plaintiff contends that there are three harms at issue in her contract claims: (1) diminished returns resulting from Midland's breach of its promise to provide a bonus and its bad faith use of its "discretionary" right to set annual rates; (2) Midland's boosting of surrender penalties through an "interest adjustment" provision; and (3) for persons age 60 to 64 at the time of purchase, Midland's application of all surrender penalties in violation of California Insurance Code § 10127.13. Opp'n at 17. With respect to the diminished returns injury, plaintiff argues that Midland's promise of a bonus in its marketing materials supports a breach of contract claim. As to her surrender-related claims, plaintiff contends that she has set forth how the interest adjustment provision worked and why it is unenforceable as a matter of law. Id. at 18 (citing Compl. ¶¶ 12, 38(c)). Further, according to plaintiff, because the issues have been "thoroughly litigated" defendant can have "no real uncertainty" about the nature of plaintiff's claim. Id. at 19.

The Court finds that plaintiff has not pled necessary facts to support a breach of contract claim. While plaintiff argues that her contract allegations are "similar to her fraud allegations," she fails to allege specific facts regarding the nature of her contract and Midland's breach. Specifically, plaintiff's complaint does not identify her contract's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

essential terms,[4] which documents or oral statements outside the four corners of the contract were part of the agreement, or which terms of the contract were breached. Furthermore, plaintiff cannot avoid her pleading obligations by arguing that prior litigation put defendant on notice of plaintiff's breach of contract theory. This is because plaintiff may not incorporate allegations made in another court proceeding into her complaint and assert that the Midland "knows" what the case is about. See e.g., Tom v. GMAC Mortg. LLC, 2011 WL 2712958, *4 (D. Haw. 2011) ("[Plaintiffs]" cannot incorporate by reference any allegations in this case or in the state-court proceedings, as any . . . Complaint must be a document complete in itself."); see also Alioto v. Marshal Field's & Co., 77 F.3d 934, 936 (7th Cir. 1996) (noting that district courts may not consider allegations "beyond the pleading itself" in deciding 12(b)(6) motions).

   D.   UCL

"A business act or practice may violate the UCL if it is either 'unlawful,' 'unfair' or 'fraudulent.'" Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) (internal citation omitted). "Each of these three adjectives captures a separate and distinct theory of liability." Id. (citation and quotation omitted). A plaintiff who alleges that conduct is fraudulent under the UCL must satisfy rule 9(b)'s particularity standard. Kearns, 567 F.3d at 1125. Under the "unfair" prong, a plaintiff must allege that "the harm to the consumer" outweighs the conduct's utility or that the "practice violates public policy as declared by specific constitutional, statutory, or regulatory, provisions." Rubio, 613 F.3d at 1204–05 (citation and internal quotation marks omitted). If the conduct is alleged to be "unlawful," a plaintiff must plead the specific statutory provision that the conduct violates. Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993).

In her complaint, plaintiff alleges that the "acts of Midland, as alleged herein,

---

   [4] Plaintiff's allegation that the essential terms of the contract were that "Midland agreed to accept a premium from said purchasers, credit a bonus, credit monies annually under the annuities and annuitize those monies upon request," Compl. ¶ 37, is inadequate to put Midland on notice of how defendant's marketing materials relate to contract formation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

constitute unlawful, unfair, and/or fraudulent business practices and unfair, deceptive, untrue or misleading advertising within the meaning of § 17200." Compl. ¶ 23. Plaintiff then alleges the four theories upon which she bases her claim, *i.e.*, the bonus, commissions, interest adjustment, and Insurance Code § 10127.13 theories. Id. ¶¶ 24–25. However, these allegations are vague and conclusory, and fail to provide adequate notice of which of these practices is unfair, which is unlawful, and which is fraudulent. See Williams v. Oberon Media, Inc., 2010 WL 1644888, *5 (C.D. Cal. 2010) (dismissing UCL claim because "[p]laintiffs fail to specify which acts or practices they contend are unlawful (and which statutes the acts or practices allegedly violate), which acts or practices they contend are unfair, which acts or practices they contend are unfair, and which acts or practices they contend are deceptive") (citation omitted). Moreover, as discussed above, plaintiff has failed to state a claim for common law fraud or for breach of contract. Therefore, insofar as they are predicated on her common law fraud and breach of contract claims, plaintiff's UCL claims also fail.

### E. Declaratory Relief

When underlying substantive claims fail, dismissal of a declaratory relief request action is appropriate. Shoyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1044 (9th Cir. 2010) ("Because we affirm the district court's dismissal of the fraud and unfair competition claims, we affirm the dismissal of the claims for declaratory relief on those claims.").

Plaintiff's claim for declaratory relief alleges "an ongoing controversy with ongoing damage to Plaintiff and the class members" based entirely on other portions of her complaint. Compl. ¶ 44. However, because each of plaintiff's underlying substantive claims is defective, her claim for declaratory relief fails as well.

### V. CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES plaintiff's complaint WITHOUT prejudice. Plaintiff shall have **thirty (30)** days to file an amended complaint.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

O

| Case No. | CV 11-05858 CAS (MANx) | Date | November 14, 2011 |
|---|---|---|---|
| Title | ROSALIE VACCARINO V. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

| | 00 | : | 02 |
|---|---|---|---|
| Initials of Preparer | RS | | |