UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   (In Chambers:) DEFENDANT'S MOTION TO DISMISS (filed February 13, 2012)

## I.   INTRODUCTION

On June 17, 2011, plaintiff Rosalie Vaccarino ("Vacacarino") filed this putative class action against defendant Midland National Life Insurance Company ("defendant" or "Midland") in the Los Angeles County Superior Court alleging claims for violation of California Business and Professions Code § 17200, et seq. ("Unfair Competition Law" or "UCL"), fraud, breach of contract, and requesting a declaration of rights under the annuities contracts.  On June 15, 2011, defendant removed the action to federal court pursuant to 28 U.S.C. 1441 and the Class Action Fairness Act, 28 U.S.C. § 1332.[1]  The gravamen of Vaccarino's complaint is that Midland made representations regarding premium bonuses and other benefits, while failing to adequately disclose that the costs of bonuses and exorbitant agent commissions were shifted back to purchasers, and that purchasers were subject to surrender charges and interest adjustments.

In an order dated November 14, 2011 ("the November 14 Order"), this Court granted defendants' motion to dismiss Vaccarino's complaint in its entirety with leave to amend.  The Court found, inter alia, that Vaccarino had failed to affirmatively plead facts sufficient to avoid the effect of the applicable statutes of limitation.  The Court also found

---

[1] This case was originally assigned to Judge John Walker.  It was transferred to this Court on the basis of a related national class action, In re Midland National Life Ins. Co. Annuity Sales Practices Litigation, No. CV 07-1825 (CAS) (MANx).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

that Vaccarino had not pled her claims for breach of contract, fraud, violation of the UCL, and declaratory relief with the specificity required under the federal rules.

Vaccarino filed her first amended complaint on December 14, 2011. Midland stipulated to permit Vaccarino to file a second amended complaint ("SAC"), which was filed on January 13, 2012. The SAC adds a new plaintiff, David Lee Tegen ("Tegen").[2]

Midland filed the instant motion to dismiss on February 13, 2012. Dkt. No. 55. Plaintiffs filed their opposition on March 5, 2012. Dkt. No. 56. Midland replied on March 26, 2012.[3] Dkt. No. 59. The Court heard oral argument on April 9, 2011. After considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege that in <u>Peterman v. North American Co. For Life and Health Ins.</u>, Los Angeles Superior Court Case No. BC357194, a class of persons age 65 and older alleged that Midland's deferred annuities[4] failed to provide proper disclosures of costly

---

[2] The Court refers to Vaccarino and Tegen collectively as ("plaintiffs").

[3] Contemporaneously with its reply, Midland filed an objection to the declaration of plaintiffs' attorney, Lotte Colbert, submitted in support of plaintiffs' opposition. Midland argues that Colbert's declaration improperly attaches disclosure statements from plaintiffs' policies. Specifically, Midland contends that the sufficiency of the SAC must be judged without resort to extrinsic material, and that the disclosure statements are beyond the scope of plaintiffs' complaint. The Court rejects this argument. Even if a document is not attached to a complaint, it may be incorporated by reference if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. <u>In re Silicon Graphics Inc. Sec. Litig.</u>, 183 F.3d 970, 986 (9th Cir. 1999). Here, plaintiffs specifically refer to their disclosure statements in their complaint. <u>See, e.g.</u>, SAC ¶ 11. Thus, the Court finds that these documents were incorporated by reference into plaintiffs' complaint and therefore overrules Midland's objection.

[4] Deferred annuities defer payments until annuitization, which results in a stream of payments at the end of the contract period. During the deferral period, an insurer credits

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

surrender penalties, and hid the costs of a purported bonus and high sales commissions. According to plaintiffs, during the course of that case, which Midland settled before trial, the Superior Court determined that Midland had failed to properly disclose surrender penalties rendering them unenforceable. Plaintiffs allege that Midland has not provided redress for purchasers age 64 and under. SAC ¶ 1.

  Plaintiffs further allege that Midland has been actively engaged in deceptive and unlawful business practices, in that it has induced sales agents to sell its annuities by offering exorbitant sales commissions and arming agents with "user friendly" products that purportedly provide purchasers with a "bonus" and other benefits. Id. ¶¶ 5–7. Plaintiffs further assert that Midland knew that the bonus and high commissions were costs that it would "claw back" from purchasers by lowering the amount of the returns it was required to credit each year under the contracts. Id. ¶ 7.

  According to plaintiffs, Midland has used standardized sales brochures and disclosure statements to sell its deferred annuities. Plaintiffs assert that in these materials, Midland made misrepresentations that a "bonus" would be provided, and failed to disclose material facts including that Midland paid sales agents exorbitant commissions. Plaintiffs aver that Midland has required sales agents to provide these materials to all prospective purchasers at the point of sale and has prohibited agents from making any statements that differ from the sales materials. Id. ¶¶ 8–11.

  With respect to those purchasers who surrendered their annuities prior to the end of the surrender period, plaintiffs allege that Midland applied surrender penalties, which it boosted through an "interest adjustment" provision to shift the risk of changing interest rates from itself to purchasers. According to plaintiffs, the annuities do not state how the adjustment functions, but instead set forth a "three-variable fractional exponential formula," which has a built-in bias towards a loss in value. Id. ¶ 18.

  As to purchasers between the ages of 60 and 64, plaintiff contends that Midland failed to provide proper disclosures of surrender charges and the interest adjustment as required by California Insurance Code § 10127.13. Id. ¶ 20.

---

monies to the purchaser's "Accumulation Value."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Plaintiff Vaccarino alleges that she was 63 years old when she purchased two "Bonus 11" deferred annuities from Midland sales agent John Clark on March 25, 2003. Vaccarino asserts that Clark presented her with a standardized sales brochure and disclosure statements, which she reviewed with Clark before deciding to purchase her annuities. Id. ¶ 23. Vaccarino avers that on April 25, 2011, she made a partial surrender of one of her annuities, and that Midland enforced a surrender penalty, despite its knowledge that surrender penalties are unenforceable in California for purchasers over the age of 60. Id. ¶ 24.

Plaintiff Tegen alleges that he was 56 years old when he purchased a "Legacy Bonus 11" from Midland sales agent Gregory Fox. Tegen asserts that Fox presented him with a sales brochure and disclosure statement, which he reviewed with Fox before making his purchase. Id. ¶ 25.

## III.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

  **B.**  **Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather, "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

**IV.   DISCUSSION**

Midland argues that the SAC should be dismissed in its entirety because: (1) plaintiffs' claims are barred by the applicable statutes of limitations and not subject to the delayed discovery rule or the doctrine of periodic breach; (2) plaintiffs have not alleged any injury as to Tegen's annuity and Vaccarino's Certificate No. 8500139289; and (3) the SAC's allegations lack the specificity required by Federal of Civil Procedure Rules 8 and 9(b). The Court addresses each argument in turn.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

A.  Statutes of Limitations

1.  Applicability of the "Delayed Discovery" Rule

In the November 14 Order, the Court found that most of plaintiffs' claims were barred by the applicable statutes of limitations because plaintiffs had failed to affirmatively plead facts that would entitle them to tolling under the "delayed discovery" rule. Dkt. No. 38 at 6–9. Midland contends that plaintiffs have still failed to plead facts that support tolling by the "delayed discovery" rule.[5] Mot. at 7–10.

Plaintiffs respond that they have adequately pled the elements of the delayed discovery rule. Opp'n at 2–10. Specifically, plaintiffs argue that they have sufficiently alleged why they could not have discovered Midland's fraud which plaintiffs contend took place "within [Midland's] corporate walls," and that the complexity of Midland's alleged fraud means that plaintiffs' duty to investigate should be "relaxed." Id. at 2–10. In support of their argument, plaintiffs rely primarily on El Pollo Loco. v. Hashim, 316 F.3d 1302, 1040 (9th Cir. 2003) and Weatherly v. Universal Music Publ'g Group, 125 Cal. App. 4th 913 (Cal. Ct. App. 2004).

The Court finds that plaintiffs are obligated to affirmatively plead why they delayed in asserting their claims. Because they have not done so, plaintiffs' claims as presently pled are barred by the applicable statutes of limitations as specifically explained in the November 14 Order.

---

[5] The parties do not distinguish between the application of the "delayed discovery" rule with regard to plaintiffs' fraud claim as compared to plaintiffs' contract-based claims. In any event, the "delayed discovery" rule may apply equally to all of plaintiffs' claims. This is so because the rule applies where a breach of contract is committed in secret and where the harm flowing from the breach will not be reasonably discoverable by a plaintiff until a future time. See, e.g., Weatherly v. Universal Music Publishing Group, 125 Cal. App. 4th 913, 918–19 (Cal. Ct. App. 2004); April Enterprises, Inc. v. KTTV, 147 Cal. App. 3d 805, 832 (Cal. Ct. App. 1983).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

"A plaintiff whose complaint shows on its face that his or her claim would be barred by the applicable orthodox statute of limitations, and who intends to rely on the discovery rule to toll the orthodox limitation period, must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Camsi IV v. Hunter Tech. Corp., 230 Cal. App. 3d 1525, 1536–37 (Cal. Ct. App. 1991) (citations and internal quotation marks omitted). "Formal averments or general conclusions to the effect the facts were not discovered until a stated date, and that plaintiff could not reasonably have made an earlier discover, are useless . . . The complaint must set forth specifically (1) the facts of the time and manner of the discovery; and (2) the circumstances which excuse the failure to have made an earlier discovery." Anderson v. Brouwer, 99 Cal. App. 3d 176, 182 (Cal. Ct. App. 1979). "This requirement ensures that at the point of the alleged discovery, plaintiffs actually learned something they did not know before." Adobe Lumber, Inc. v. Hellman, 2008 WL 4615285, *4 (E.D. Cal. 2008) (citation and internal quotations marks omitted). It also serves as "a procedural safeguard against lengthy litigation on the issue of accrual." Mangini v. Aerojet-General Corp., 230 Cal. App. 3d 1125, 1150–51 (Cal. Ct. App. 1991).

Here, plaintiffs allege that they did not learn of Midland's "misrepresentations and concealments" until they retained counsel in 2011. SAC ¶¶ 37, 39. However, plaintiffs do not plead what they learned that prompted them to contact counsel or what facts they learned that could not have been discovered through reasonable diligence. Without these facts, the Court is effectively prevented from assessing whether plaintiffs could have discovered their claims sooner. See, e.g., Dujardin v. Ventura County Gen. Hosp., 69 Cal. App. 3d 350, 356 (Cal. Ct. App. 1977) ("[T]he plaintiff must state in his complaint when the discovery was made, the circumstances surrounding the discovery, and facts which show that the failure to make an earlier discovery was reasonable, justifiable and not a result of plaintiff's failure to investigate or act.").

Plaintiffs' argument that Midland's purported fraud took place within its corporate walls such that plaintiffs' failure to plead how they discovered their claims should be excused misses the mark. While it is true that Rule 9(b)'s particularity requirement is relaxed where the facts supporting the allegation of fraud are exclusively within the defendants' possession, see, e.g., Estate of Migliaccio v. Midland National Life Ins. Co. 436 F. Supp. 2d 1095, 1106 (C.D. Cal. 2006), the cases upon which plaintiffs rely do not relieve their obligation to plead what caused them to learn of Midland's fraudulent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

conduct. Instead, these cases merely held that, under the facts presented, the plaintiffs had conducted themselves reasonably. The focus was on what facts caused the plaintiff to learn of his or her claim and whether the plaintiff's failure to learn those facts sooner was excusable in light of the particular circumstances. See, e.g., Weatherly, 125 Cal. App. 4th at 920 (holding that a plaintiff's failure to monitor the defendant's performance under a contract is not dispositive of diligence where there is evidence plaintiff was hindered from discovering a breach by the defendant's misrepresentations); El Pollo Loco Inc., 316 F.3d at 1040 (noting that the recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he undertaken an investigation); Henderson v. J.M. Smucker Co., CV No. 10-4524 GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, *7–*8, (C.D. Cal. March 17, 2011) (finding allegation that a plaintiff did not discover fraudulent labeling until an acquaintance later provided information sufficient to defeat a motion to dismiss on limitations ground); see also Adobe Lumber, Inc. v. Hellman, CV No. 05-1510 WBS (PANx), 2008 WL 4615285, *4 (E.D. Cal. Oct. 17, 2008) (applying delayed discovery rule where the plaintiff alleged what it discovered, how and when plaintiff discovered those facts, and why it was unable to discover those facts earlier).

Thus, because plaintiffs have not explained what they learned in 2011 that moved them to action, the Court is unable to determine whether the applicable statutes of limitations should be tolled by the delayed discovery rule. However, because plaintiffs could allege the facts that put them on notice of their claims, the Court dismisses those of plaintiffs' claims that are barred by the applicable statutes of limitations without prejudice.

### 2. Periodic Breaches

In the November 14 Order, the Court held that if Vaccarino were to "allege that Midland improperly credited interest within the four years prior to filing this suit, her claim would not be time-barred."[6] Dkt. No. 38 at 7.

---

[6] Under California law, the statute of limitations for a breach of contract action is four years. Cal. Code Civ. P. § 337; United States v. Park Place Assocs., Ltd., 563 F.3d 907, 921–22 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Midland argues that plaintiffs have not alleged periodic breaches because they have not alleged to what extent their annuities were affected by any improper crediting of interest during the four years before they filed their claims. Mot. at 10. Further, according to Midland, plaintiffs' allegations suggest that the contracts are long-term products, not divisible into discrete segments for purposes of a periodic accrual theory. Id.

The Court rejects these arguments. New allegations that were not asserted in Vaccarino's initial complaint have now been added. Specifically, paragraphs 14, 51, and 53 of the SAC allege that Midland recalculated and set returns marginally lower each year so as to recoup the cost of the bonus over the term of the contract's 14-year surrender period. Of course, "each year" includes the four years prior to the filing of this lawsuit, and plaintiffs have adequately alleged periodic breaches. See Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal. App. 3d 1375, 1391 (Cal. Ct. App. 2004) ("Because the act of paying or delivering the wrong amount constituted the breach of contract . . . we conclude that . . . a cause of action did not accrue, until [the defendant] made the incorrect payment or delivery for that month."). Therefore, even though plaintiffs are not presently entitled to the benefits of the delayed discovery rule, their contract claims are not time-barred insofar as they allege that Midland has applied an improper interest adjustment in each of the last four years.[7]

---

[7] Midland's contention that plaintiffs' allegations suggest that the parties did not intend a severable contract is unavailing. Midland's alleged interest adjustment occurred yearly, with each adjustment leading to a new injury. See id. at 1388 ("Where there is a continuing wrong, however, with periodic new injury to the plaintiff, the courts have applied . . . a 'theory of continuous accrual.'") (citation omitted). Midland's reliance on Boon Rawd Trading Int'l Co. v. Paleewong Trading Co., 688 F. Supp. 2d 940 (N.D. Cal. 2010) is misplaced. In that case, there was no periodic performance or breach, and the court recognized that if the counterclaimaint had alleged any "facts to support a finding that the implied contract involved 'a periodic procedure for the performance of their respective obligations,'" then "breaches that occurred within the limitations period might *not* be barred." Id. at 952 (emphasis in original).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

**B. Surrender and Interest Adjustment Claims for Vaccarino's Certificate No. 8500139289 and Tegen's Certificate No. 8500169890**

In the November 14 Order, the Court explained that Vaccarino's claim that a breach of contract occurred when Midland applied the interest adjustment and surrender charges failed because Vaccarino neglected to allege whether the interest adjustment and surrender charges were applied to her. Dkt. No. 38 at 7.

Midland argues that the Court should again dismiss all surrender charge and interest adjustment claims regarding Vaccarino's Certificate No. 8500139289 and Tegen's Certificate No. 8500169890 because plaintiffs have failed to allege that they have been injured as to those contracts. Mot. at 11. Midland argues that although Vaccarino has added a second annuity contract to the SAC for which a surrender charge was imposed, she has added no new allegations indicating that Certificate No. 8500139289 was ever subjected to surrender charges or interest adjustments. Id. at 12. Similarly, Midland argues that Tegen also fails to allege that his annuity was subjected to surrender charges or interest adjustments. Id.

Plaintiffs admit that no charges have been incurred as to Vaccarino's Certificate No. 8500139289 or as to Tegen's annuity, but argue that it would be "premature" to render a decision on those charges when withdrawals will "probably occur before trial." Opp'n at 14. Further, plaintiffs contend that Midland's arguments do not apply to plaintiffs' claims for declaratory relief because a declaration of rights on those claims in plaintiffs' favor would render the allegedly offending charges unenforceable, allowing plaintiffs to access their money without penalty. Id.

The Court finds that plaintiffs' surrender and interest adjustment claims for damages should be dismissed as to Vaccarino's Certificate No. 8500139289 and as to Tegen's annuity. This is so because a plaintiff who has not been injured cannot proceed with a claim for damages. See Careau & Co. v. Security Pacific Business Credit, Inc., 222 Cal. App. 3d 1371, 1388 (Cal. Ct. App. 1990) (breach of contract plaintiff must allege damages resulting from defendant's breach). However, insofar as plaintiffs seek a declaration of rights and responsibilities concerning the surrender penalty and interest adjustment, it is inconsequential that plaintiffs have not yet incurred such charges. The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Court agrees with plaintiffs that a declaration of rights in plaintiffs' favor would render the charges unenforceable.

### C. Specificity of Plaintiffs' Allegations

#### 1. Particularity of Plaintiffs' Fraud Claims

In the November 14 Order, the Court found that Vaccarino's fraud allegations failed to meet the heightened pleading requirements of Rule 9(b). Dkt. 38 at 10.

Midland argues that plaintiffs' amended fraud and UCL "fraud prong" allegations do not address the ambiguities identified by the Court. Instead, Midland contends that the minimal changes regarding each plaintiff's purchase still fail to comply with the federal rules, and make it impossible to discern the specifics of the alleged fraud. Mot at 13.

In response, plaintiffs argue that in the requirements of Rule 9(b) should be "relaxed" because it involves "instances of corporate fraud where the facts . . . are exclusively within defendants' possession." Opp'n at 15 (quoting Estate of Migliaccio, 436 F. Supp. 2d at 1106). Further, plaintiffs contend that they have provided Midland with the who, what, when, where, and why of the fraud it committed upon them. Id. Specifically, plaintiffs argue that they have detailed the source of the misrepresentations and concealments by setting forth the specific statements and omissions in Midland's sales brochures, disclosure statements, and contracts. With respect to the representation of a bonus, plaintiffs contend that they set out the very language of each document promising that an 11% bonus would be added to the premium deposited into the annuity. Id. (citing SAC ¶¶ 11–13). Plaintiffs note that they specifically allege that the bonus is illusory because Midland surreptitiously claws is back by paying lower rates over the term of the annuity, and that similar allegations are made with respect to high sales commissions. Id. (citing SAC ¶¶14–17.) Next, plaintiffs contend that they specifically allege that they were provided with these sales materials on a given date and that they signed disclosure statements acknowledging that they had reviewed the materials

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

presented.[8]  Id. at 15–16 (citing SAC ¶¶ 23, 25).  Further, plaintiffs argue that they have specifically alleged that Midland has prohibited its sales agents from making any statements to purchasers that differ from these materials by requiring the agents to attest to the same in the disclosure statements.  Id. at 16 (citing SAC ¶ 10).  Finally, plaintiffs maintain that they cannot be required to set forth how much they have lost due to Midland's recouping practices because testimony from actuaries will be required to assess damages.  Id. at 17.

The Court is satisfied that plaintiffs have alleged their fraud-based claims with adequate particularity to meet the heightened pleading requirements of Rule 9(b).  As plaintiffs note, Rule 9(b)'s particularity requirement is relaxed in instances of fraud where, as here, the facts supporting the allegation of fraud are exclusively within the defendants' possession.  Estate of Migliaccio, 436 F. Supp. 2d at 1106; State of Cal. ex rel. Mueller v. Wallgreen Corp., 175 F.R.D. 631, 635 (N.D. Cal. 1997).  By pleading specific facts regarding the nature of their annuity purchases, plaintiffs have cured the deficiencies the Court identified in Vaccarino's original complaint, and thereby provided fair warning to Midland concerning the who, what, when, where, and why of Midland's purported fraud.

### 2. Plaintiffs' Breach of Contract Claims

Midland next argues that plaintiffs' contract-based claims have not been adequately pled under Rule 8.  Mot. at 14–16.  Specifically, Midland argues that plaintiffs' breach of contract allegations are based on the "same amorphous misrepresentations and nondisclosures" underlying their fraud and UCL claims, and that plaintiffs have failed to identify what documents or statements comprise the contracts, what they contend the contracts' terms are, or what terms were breached.  Id. at 15.

---

[8] Plaintiffs note that this Court and other courts have found, in similar annuity class actions, that the use of disclosure statements verifying the purchaser's review of the sales material is more than sufficient to prove fraud, not just plead it.  Id. at 16 (citing Negrete v. Allianz Life Ins. Co. of America, CV 05-6838 CAS (MANx), 2011 U.S. Dist. Lexis 118529, *42–43 (C.D. Cal. Oct. 13, 2011); Iorio v. Allianz Life Ins. Co. of America, 2008 U.S. Dist. LEXIS 118344, *49–*50 (S.D. Cal. 2008)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

Plaintiffs respond that they have adequately pled the terms of their contracts, their certificate numbers, and the amount of money deposited into each one. Opp'n at 18 (citing SAC ¶¶ 23, 25). Further, plaintiffs contend that because Midland has submitted the contracts with its motion, it "obviously" knows their terms. Id.

With respect to their claim that Midland breached the contracts by recouping the cost of their bonuses, plaintiffs note that they have quoted the promise of a bonus from the contract and described how Midland breaches that promise by lowering rates to recoup the bonus over the term of the contract. Id. (citing SAC ¶¶ 13, 14, 51, 52). As to their claims regarding Midland's alleged recouping of the cost of sales commissions, plaintiffs note that they have alleged that through its sales brochures and disclosure statements, Midland created the objectively reasonable expectation on behalf of purchasers that their annuities would have an accumulation objective. Plaintiffs argue that despite creating this expectation, Midland lowered rates to recoup sales commissions in breach of its implied duty of good faith and fair dealing. Id. at 19 (citing SAC ¶ 54). Finally, regarding surrender charges and the interest adjustment, plaintiffs argue that if Midland applies charges that are unenforceable because they violate Insurance Code § 10127.13 or because they are not plain and clear, then it has breached the contracts. Opp'n at 20.

To state a claim for breach of contract, a party must plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach, and resulting damage. Wall St. Network, Ltd. v. N.Y. Times Co., 164 Cal. App. 4th 1171, 1178 (Cal. Ct. App. 2008). The Court believes that plaintiffs have sufficiently set forth the terms of their contracts as well as a viable theory for how Midland breached its obligations to plaintiffs.[9] Accordingly, while plaintiffs' contract claims other than for periodic breaches are presently barred by the statute of limitations, the Court finds that they are otherwise adequately pled.

---

[9] At oral argument, counsel for plaintiffs clarified that plaintiffs do not contend that Midland's sales materials or statements made by Midland's sales agents are part of plaintiffs' contracts. Instead, plaintiffs' counsel explained that plaintiffs contend only that the sales materials and the statements made by Midland's sales agents are relevant for establishing plaintiffs' objectively reasonable expectations under the contracts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

       **3.    Plaintiffs' UCL Claims**

      "A business act or practice may violate the UCL if it is either 'unlawful,' 'unfair' or 'fraudulent.'" Rubio v. Capital One Bank, 613 F.3d 1195, 1204 (9th Cir. 2010) (internal citation omitted). "Each of these three adjectives captures a separate and distinct theory of liability." Id. (citation and quotation omitted). A plaintiff who alleges that conduct is fraudulent under the UCL must satisfy rule 9(b)'s particularity standard. Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (9th Cir. 2009), 567 F.3d at 1125. Under the "unfair" prong, a plaintiff must allege that "the harm to the consumer" outweighs the conduct's utility or that the "practice violates public policy as declared by specific constitutional, statutory, or regulatory, provisions." Rubio, 613 F.3d at 1204–05 (citation and internal quotation marks omitted). If the conduct is alleged to be "unlawful," a plaintiff must plead the specific statutory provision that the conduct violates. Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (Cal. Ct. App. 1993).

      Plaintiffs allege that Midland's recoupment practices regarding bonuses and sales commissions violated the "fraudulent" prong, that Midland's use of an "indecipherable" interest adjustment formula violated the "unfair" prong, and that the failure to comply with Insurance Code § 10127.13 violated the "unlawful" prong. SAC ¶¶ 35, 40, 41.

      Midland argues that plaintiffs' UCL claims have not been pled with the requisite specificity. Mot. at 17. For plaintiffs' recoupment claims under the "fraudulent" prong, Midland argues that plaintiffs have failed to satisfy Rule 9(b)'s particularity requirement. As to plaintiffs' claim that the interest adjustment violated the "unfair" prong, Midland argues that plaintiffs do not allege that the harm to the consumer caused by the interest adjustment outweighs its utility or that it violates a declared public policy. Finally, as to plaintiffs' claim that Midland unlawfully failed to comply with Insurance Code § 10127.13, Midland argues that plaintiffs' allegations sound in fraud as they are based on an allegedly inadequate disclosure. Therefore, Midland contends that plaintiffs are required to plead both causation and reliance, which they have not done. Id. at 18 (citing Kwikset Corp. v. Super. Ct., 51 Cal. 4th 310, 326 n.9 (2011) (finding causation and reliance requirements from UCL "fraud" prong cases applicable to "unlawful prong" UCL claims based on deception)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

The Court finds that plaintiffs have adequately pled their UCL claims for each of the "fraudulent," "unfair," and "unlawful" prongs.

As discussed above, plaintiffs have pled with particularity their claim that Midland fraudulently misrepresented and concealed certain facts regarding its practice of recouping the costs of bonuses and sales commissions.

Next, plaintiffs claim that Midland used the interest adjustment to shift the risk of changing interest rates from itself to plaintiffs is adequate to state a claim under the "unfair" prong. Plaintiffs allege that although it uses the interest adjustment to increase surrender charges, Midland does not make this clear to plaintiffs, and instead, uses an indecipherable formula that does not state what it is really doing. SAC ¶¶ 18, 19, 40. Taken as true, the Court finds these allegations sufficient to state a claim that Midland's practices are "unfair." See Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal. App. 4th 700, 721 (Cal. Ct. App. 2001) (finding that alleged increased premium benefit of the defendant insurers and the alleged injury and damage to the insured, if proven, would constitute an unfair business practice actionable under the UCL); see also Linear Technology Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 134–35 (2007) ("Whether a business practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which cannot usually be made on demurrer.").

Finally, the Court finds that plaintiffs have sufficiently stated a claim for violation of the "unlawful" prong. In reaching this conclusion, the Court finds that plaintiffs' allegations concerning Insurance Section 10127.13 do not sound in fraud and therefore do not require plaintiffs to plead causation and reliance. Instead, that Section is based upon a public policy requiring a clear and conspicuous warning to seniors concerning surrender penalties. Indeed, in Peterman, the court noted it would constitute a violation of the "unlawful" prong of the UCL if Midland were to collect surrender penalties without meeting the disclosure requirements of Section 10127.13. See Plaintiffs' Request for Judicial Notice Ex. 1; Dkt. No. 17-1 at 23.

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | April 13, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

### 4. Plaintiffs' Declaratory Relief Claims

Midland argues that plaintiffs' declaratory relief claims fail because they have not been pled with the requisite specificity. Mot. at 19–20. Specifically, Midland argues that plaintiffs' allegations fail because each of her underlying substantive claims is defective. Id. at 19. Further, Midland argues that plaintiffs have not adequately articulated the nature of the relief they seek.[10] Id. at 20.

Plaintiffs argue that they have adequately stated a claim for declaratory relief because they have sufficiently pled their claims for breach of contract. Opp'n at 23. Further, plaintiffs argue that declaratory relief is appropriate on these claims because Midland's alleged violations continue. Id.

The Court finds that plaintiffs have adequately stated a claim for declaratory relief insofar as they request a declaration of the parties' rights and responsibilities under the contracts going forward.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DISMISSES as time-barred plaintiffs' fraud claims, UCL claims, and contract claims other than for improper crediting of interest within the last four years without prejudice. The Court DISMISSES plaintiffs' surrender and interest adjustment claims for damages as to Vaccarino's Certificate No. 8500139289 and Tegen's annuity without prejudice. Plaintiffs shall have **twenty (20)** days to file an amended complaint.

00:00
CMJ

---

[10] The Court rejects this argument. Paragraph 64 of the SAC specifically asserts that plaintiffs "request a declaration of the parties' rights and liabilities under the annuities."