UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Anne Kielwasser | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Lotte Colbert | Kathy Huang |
| Robert Gianelli | Robert Phillips, Jr. |

**Proceedings:** **DEFENDANT'S MOTION TO DISMISS** (filed May 25, 2012)

**I.   INTRODUCTION AND BACKGROUND**

On June 17, 2011, plaintiff Rosalie Vaccarino ("Vaccarino") filed this putative class action against defendant Midland National Life Insurance Company ("Midland") in the Los Angeles County Superior Court alleging claims for violation of California Business and Professions Code § 17200, et seq. ("Unfair Competition Law" or "UCL"), fraud, breach of contract, and requesting a declaration of rights under the annuities contracts. On July 15, 2011, defendant removed the action to federal court pursuant to 28 U.S.C. 1441 and the Class Action Fairness Act, 28 U.S.C. § 1332.[1] The gravamen of Vaccarino's complaint was that Midland made representations regarding premium bonuses and other benefits in its deferred annuities products,[2] while failing to adequately disclose that the costs of bonuses and exorbitant agent commissions were shifted back to purchasers, and that purchasers were subject to surrender charges and interest adjustments.

---

[1] This case was originally assigned to Judge John Walker. It was transferred to this Court on the basis of a related national class action, In re Midland National Life Ins. Co. Annuity Sales Practices Litigation, No. CV 07-1825 (CAS) (MANx).

[2] Deferred annuities defer payments until annuitization, which results in a stream of payments at the end of the contract period. During the deferral period, an insurer credits monies to the purchaser's "Accumulation Value."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

In an order dated November 14, 2011, the Court granted Midland's motion to dismiss Vaccarino's complaint in its entirety with leave to amend. The Court found, *inter alia*, that Vaccarino had failed to affirmatively plead facts sufficient to avoid the effect of the applicable statutes of limitation.

Vaccarino filed her first amended complaint on December 14, 2011. Midland stipulated to permit Vaccarino to file a second amended complaint ("SAC"), which was filed on January 13, 2012. The SAC added a new plaintiff, David Lee Tegen ("Tegen").[3]

Among others, plaintiffs alleged that Midland has been actively engaged in deceptive and unlawful business practices, in that it has induced sales agents to sell its annuities by offering exorbitant sales commissions and arming agents with "user friendly" products that purportedly provide purchasers with a "bonus" and other benefits. SAC ¶¶ 5–7. Plaintiffs further asserted that Midland knew that the bonus and high commissions were costs that it would "claw back" or "recoup" from purchasers by lowering the amount of the returns it was required to credit each year under the contracts. Id. ¶ 7.

Midland moved to dismiss the SAC, contending that plaintiffs' recoupment claims were time-barred because plaintiffs had failed to plead the particular facts and circumstances regarding what they discovered in 2011 that moved them to action and why they could not have discovered that information earlier. See Dkt. No. 52.

On April 13, 2012, the Court granted in part Midland's motion to dismiss the SAC with leave to amend, finding that the SAC lacked sufficient factual allegations concerning delayed discovery. In granting Midland's motion to dismiss the SAC, the Court explained that "[a]ll I want to know was this the first time the plaintiffs discovered something when they met with their attorneys, and, you know, if they previously didn't know and what they discovered?" Transcript of Proceedings, April 9, 2012 at 5:20–23. The Court expressed its belief that plaintiffs were "almost there" in alleging the manner of discovery, but that a little more was needed to satisfy the pleading standard. Id. at 5:24–6:3. The Court also expressed that plaintiffs need not divulge attorney-client

---

[3] The Court refers to Vaccarino and Tegen collectively as ("plaintiffs").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

communications. ". . . I want to be plain that I don't think the cases require you to waive the attorney-client privilege in pleading with particularity delayed discovery." Id. at 6:14–17.

Plaintiffs filed their third amended complaint ("TAC") on May 3, 2012. In the TAC, plaintiffs allege that Vaccarino did not learn of Midland's misrepresentations and concealments regarding its recouping practices until she retained counsel on April 8, 2011. TAC ¶ 37. Plaintiffs further allege that Vaccarino contacted attorney Ronald Marron in 2006 as a result of information she saw in the newspaper, but did not learn of Midland's deceptive practices at that time. Instead, plaintiffs allege that Vaccarino formed her understanding and belief that Midland was engaged in deceptive practices concurrently with her retention of counsel. Id. With respect to Tegen, plaintiffs allege that he was referred to counsel in December 2011 by a stockbroker who learned that Tegen had a Midland annuity. Id. ¶ 39. Plaintiffs allege that Tegen formed his understanding and belief that Midland was engaged in deceptive practices concurrently with his retention of counsel on December 28, 2011. Id.

Midland filed the instant motion to dismiss plaintiffs' recoupment claims on May 25, 2012.[4] Dkt. No. 90. Plaintiffs filed their opposition on June 4, 2012. Dkt. No. 93. Midland replied on June 11, 2012. Dkt. No. 97. The Court heard oral argument on June 25, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

---

[4] Specifically, Midland challenges, on statutes of limitations grounds, plaintiffs' bonus and commissions "recoupment" claims, which comprise the entirety of their fraud and UCL "fraud prong" claims. Midland also challenges the timeliness of plaintiffs' contract and declaratory relief "recoupment" claims to the extent plaintiffs rely on the delayed discovery rule, but not with respect to any "periodic breach" theory of accrual. Midland does not challenge plaintiffs' surrender charge and Interest Adjustment claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

## II.   LEGAL STANDARD

### A.   Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Fed. R. Civ. P. 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity.  Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud."  Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003).  A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim.  Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)."  Id.  However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements.  Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations."  Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973).  This requires that a false statement must be alleged, and that "circumstances indicating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather, "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

### III.   DISCUSSION

Plaintiffs allege that they purchased contracts in 2003 and 2004 with illegal, unenforceable and harmful features. Plaintiffs allege that these purchases were premised on various promises of "growth" and that Midland violated these promises and "recouped" the costs of bonuses and commissions by crediting reduced interest to their accounts each year. TAC ¶¶ 8, 11–17. As described above, plaintiffs allege that they did not learn of Midland's "misrepresentations and concealments regarding its recouping practices on the bonus and high sales commissions" until Vaccarino retained counsel in April 2011 and Tegen retained counsel in December 2011. Id. ¶¶ 37, 39.

Midland argues that the delayed discovery rule requires plaintiffs to plead specific facts regarding the information and circumstances that moved them to action, and why they could not have acted sooner. Mot. at 7–10. Midland also contends that Vaccarino's allegation that she contacted counsel in 2006 indicates that she was on inquiry notice of her claim by that time at the latest. Id. at 10–13.

In opposition, plaintiffs argue that their allegations that they first learned of their claims when they conferred with counsel in 2011 entitle them to the benefits of the delayed discovery rule. In this respect, plaintiffs argue that they need not plead anything beyond the fact that they learned of their claims through counsel. Opp'n at 5–8. In support of this argument, plaintiffs rely primarily on Quesada v. Banc of America Investment Services, Inc., 2012 U.S. Dist. LEXIS 1913 (N.D. Cal. 2012). Further, plaintiffs dispute that Vaccarino was on inquiry notice of Midland's recouping practice when she contacted counsel in 2006, and that even if she were, a reasonable investigation would not have revealed Midland's recouping practices. Id. at 9–13

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

The Court finds that plaintiffs have now sufficiently alleged the manner in which they discovered their recoupment claim and therefore denies Midland's motion.

"A plaintiff whose complaint shows on its face that his or her claim would be barred by the applicable orthodox statute of limitations, and who intends to rely on the discovery rule to toll the orthodox limitation period, must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." Camsi IV v. Hunter Tech. Corp., 230 Cal. App. 3d 1525, 1536–37 (Cal. Ct. App. 1991) (citations and internal quotation marks omitted). The purpose of pleading the manner of discovery "'is to afford the court a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal.App.4th 1308, 1324 (Cal. Ct. App. 2007) (quoting Bennet v. Hibernia Bank, 47 Cal.2d 540, 563 (Cal. 1956)).

Here, plaintiffs' allegations that they first learned of facts giving rise to their claims, including the fact that they were injured, upon consulting with counsel satisfy plaintiffs' burden at the pleading stage. Quesada v. Banc of America Investment Services, Inc., 2012 U.S. Dist. LEXIS 1913 (N.D. Cal. 2012) involved similar circumstances to this case. There, the plaintiffs brought a class action suit to stop the defendant's allegedly hidden practice of secret recording customer service calls. Recognizing that their claims were time-barred under the normal accrual rules, the plaintiffs sought the benefit of the delayed discovery rule by alleging that they discovered the defendant's practice approximately one year after the service calls were made. The court found this allegation insufficient, and granted the defendant's motion to dismiss with leave to amend. In their amended complaint, the plaintiffs alleged that their counsel had received an anonymous letter providing information about the defendant's practice and that a few days after that, counsel mailed the plaintiffs a letter informing them of their claims. The court found that this "move[d] Plaintiffs' allegations into the realm of plausibility for purposes of the discovery rule." Quesada, 2012 U.S. Dist. LEXIS 1913 at *4. The court further explained that the plaintiffs adequately "explained when they learned of the alleged violation and from whom." Id. at *5. As in that case, here plaintiffs have alleged how they learned of their recoupment claims and from whom. These allegations are sufficient to meet plaintiffs' burden at the pleading stage.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-05858 CAS (MANx) | Date | June 25, 2012 |
|---|---|---|---|
| Title | ROSALIE VACCARINO v. MIDLAND NATIONAL LIFE INSURANCE, CO. | | |

      The Court rejects Midland's argument that Vaccarino was on inquiry notice of her recoupment claims when she initially contacted counsel in 2006. Plaintiffs' allegation that Midland represented that it possessed discretion to set rates does not establish that Vaccarino knew of or suspected Midland's recouping practices prior to contacting counsel in 2011. Instead, this allegation merely suggests that Midland hid its recouping practice under the guise of its rate-setting discretion.[5] Insofar as Midland hid its practices from public view as plaintiffs allege, Vaccarino could not have discovered Midland's practice, and Midland's inquiry notice argument fails.[6]

**V.     CONCLUSION**

      In accordance with the foregoing, the Court hereby DENIES Midland's motion to dismiss.

      IT IS SO ORDERED.

00:10

---

     [5] Jolly v. Eli Lilly & Co., 44 Cal. 3d 1103 (Cal. 1988), which Midland's counsel emphasized at oral argument, is distinguishable from this case. In contrast to plaintiffs here, in that case the plaintiff was aware of her injury for several years before filing suit. Although Vaccarino spoke to an attorney in 2006, it is not evident from the face of the complaint that she suspected injury due to Midland's recouping practices at that time. Indeed, Vaccarino specifically disclaims any knowledge of Midland's recouping practices prior to 2011. TAC ¶ 37 ("Midland provided Ms. Vaccarino no information by which to learn of its recouping practices before [2011] . . . . To the contrary, Midland represents that its rate-setting practices are the result of its discretionary right under the contracts to set rates.").

     [6] Even if plaintiffs' allegations could be construed to indicate that Vaccarino had inquiry notice in 2006, the Court would still deny Midland's motion. Assuming inquiry notice was triggered in 2006, the next step is to determine what a reasonable investigation would have revealed. Given the complex nature of plaintiffs' recoupment claims, there is no reason to assume that a reasonable investigation would have revealed Midland's recouping practices to Vaccarino. Indeed, Midland's motion is conspicuously silent on this point.