JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE VACCARINO AND DAVID LEE TEGEN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>MIDLAND NATIONAL LIFE INSURANCE COMPANY; and DOES 1-100, Inclusive.<br><br>        Defendants.___ | CASE NO.: 11 CV-5858-CAS(MANx)<br>Assigned to: Hon. Christina A. Snyder<br><br>**[PROPOSED] AMENDED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND FINAL JUDGMENT OF DISMISSAL WITH PREJUDICE**<br><br>JUDGE:  Hon. Christina A. Snyder<br>DATE:   September 22, 2014<br>TIME:   10:00 a.m.<br>CTRM:  5 |

The Motion of Plaintiffs Rosalie Vaccarino and David Lee Tegen, individually and on behalf of the Class as defined in the Settlement Agreement previously filed in this Action (collectively "Plaintiffs"), for final approval of the class action Settlement reached with Defendant Midland Life Insurance Company ("Midland") came on for hearing before this Court on September 22, 2014. Terence N. Hawley and Samuel Park appeared as attorneys for Midland, and Robert S. Gianelli and Ronald A. Marron appeared as attorneys for Plaintiffs. After considering the Settlement Agreement, the moving papers, arguments of counsel and all other matters presented to the Court, it is hereby ORDERED, ADJUDGED, AND DECREED, as follows:

1. The Motion for Final Approval of Class Action Settlement is hereby GRANTED.

2. This Final Order Approving Class Action Settlement and Final Judgment of Dismissal With Prejudice ("Final Order and Judgment") incorporates and makes part hereof: (a) the Parties' Settlement Agreement filed May 16, 2014, including Exhibits A to C [Doc No. 400-1] (collectively the "Settlement Agreement"); and (b) the Court's findings and conclusions contained in its Amended Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and Setting of Fairness Hearing [Doc. No. 403] and Order on Joint Stipulation Regarding Amendment to Amended Findings and Order Preliminarily Approving Class Settlement, Directing Issuance of Notice to the Class, and Setting of Fairness Hearing [Doc. No. 406] (collectively the "Preliminary Approval Order"). All defined terms in this Final Order and Judgment shall have the same meanings as in the Settlement Agreement.

3. All preliminary findings and conclusions in the Court's Preliminary Approval Order are hereby made final.

4. The Court has personal jurisdiction over all Class Members. The Court has subject matter jurisdiction over the claims asserted in this Action to approve the Settlement Agreement and all exhibits attached thereto. Venue is proper. The Settlement Agreement and Settlement are fair, reasonable and adequate, and consistentand in compliance with the applicable provisions of the United States Constitution, its Amendments, and the Federal Rules of Civil Procedure, as to, and in the best interests of, the Class. The Court also finds that the Settlement resulted from and arms-length mediation session and was concluded only after Plaintiffs and Midland conducted their own investigations and evaluations of the factual and legal issues raised by Plaintiffs' claims, as well as Midland's defenses. No objections have been made to the Settlement by any member of the Class. Accordingly, the Settlement Agreement is hereby finally approved.

/ / /

5. The Class, as defined in Section II.14 of the Settlement Agreement, is finally certified for settlement purposes.

6. The Court hereby directs the Parties and their counsel to implement and consummate the Settlement Agreement according to its terms and provisions.

7. Pursuant to the Court's Preliminary Approval Order, the notice requirement was satisfied in that the Administrator mailed the Class Notice to each Class Member, no later than 21 days after entry of the Preliminary Approval Order, by first-class mail, postage prepaid, to his or her last known address, and further steps were taken in accordance with the Settlement Agreement to obtain updated addresses when the mail was returned as undelivered and to re-send the Class Notice. Members of the Class had the opportunity to object to the Settlement or to exclude themselves from the Settlement, and they were informed of the date, time, and location of the Fairness Hearing and had the opportunity to appear at the Fairness Hearing. These procedures afforded protections to Class Members and provide the basis for the Court to make an informed decision on approval of the Settlement based on the responses of Class Members.

8. The Class Notice Package and all other instruments provided to the Class Members:

(a) constituted the best practicable notice under the circumstances;

(b) constituted notice that was reasonably calculated to apprise Class Members of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing;

(c) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and

(d) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution, and its Amendments, including the Due Process Clause.

///

1 | 9. The Class Counsel and the Plaintiffs adequately represented the Class for purposes of entering into and implementing the Settlement.

10. The list of those persons who have requested exclusion from the Class in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order has been filed with the Court, is attached to this Order, and is hereby approved. Those persons are hereby excluded from the Class. The Court finds that it is a complete list of all Class Members who have timely requested exclusion from the Class, and accordingly, such Class Members shall neither share in nor be bound by this Final Order and Judgment or the Settlement Agreement.

11. Class Counsel are hereby awarded attorneys' fees in the amount of $5,850,000 and expenses and costs in the amount of $604,149.41 ("Class Counsel Payment"). This amount covers any and all claims for attorneys' fees, expenses, and costs incurred by any and all Class Counsel in connection with the Settlement of the Action and the administration of such Settlement. Class Counsel Payment shall be provided by Midland to Gianelli & Morris in accordance with Sections IX.B.5 through IX.B.8 of the Settlement Agreement upon satisfaction of the conditions set forth therein.

12. As service awards for participation as the Class Representatives in the Action, the Court awards:

$15,000 to Plaintiff Rosalie Vaccarino; and

$15,000 to Plaintiff David Lee Tegen.

Midland shall pay the service award in addition to any benefits that Plaintiffs are entitled to receive as Class Members. Midland shall pay the service award within fourteen (14) days of the Effective Date.

13. The Release set forth in the Settlement Agreement in Section VIII is incorporated herein and effective as of the date of this Final Order and Judgment, and forever discharges the Releasees from any claims or liabilities arising from or related to the Released Claims.

14. Without affecting the finality of this Final Order and Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and this Order, and for any other necessary purpose; *provided, however,* that nothing in this paragraph shall restrict the ability of the Parties to exercise their rights under Paragraphs 17, 18, and 20 of this Final Order and Judgment. The Parties submit to the jurisdiction of the Court for purposes of administration, construction, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement.

15. The Settlement Agreement is binding on, and has *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and any other Class Members, as well as their heirs, executors, personal representatives, conservators and administrators, predecessors, successors, and assigns that allege Released Claims, as defined in the Settlement Agreement.

16. Neither this Final Order and Judgment, nor the Settlement Agreement, nor any other document referred to herein or therein, nor any action taken to carry out this Final Order and Judgment or the Settlement Agreement is, may be construed as, or may be used as an admission or concession by or against Midland of the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings relating to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Midland's denials or defenses, and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the Settlement or to enforce the provisions of this Final Order and Judgment or the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by Midland or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith

Settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim to the extent allowed by law.

17. The Parties are authorized, without further approval from the Court, to agree to and adopt such non-substantive amendments, modifications, or expansions of the Settlement Agreement and all exhibits attached thereto that are consistent with this Final Order and Judgment, and do not limit the rights of Class Members under the Settlement Agreement. Any substantive amendments, modifications, or expansions of the Settlement Agreement and the exhibits attached thereto shall require prior approval by the Court.

18. Any work product retained by Plaintiffs or Class Counsel that is based on or incorporates information designated as Confidential Material pursuant to the terms of the Protective Order previously entered in this case and provided by Midland shall be deemed Confidential Material pursuant to the terms of the Protective Order, and the disclosure or use of such materials shall be subject to the same restrictions as Confidential Materials pursuant to the terms of the Protective Order previously entered in this case.

19. This Action (and all individual claims and Class claims presented thereby) is dismissed on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement. The judgment is binding upon all Class Members and upon Midland and extinguishes all claims of Class Members (a) that were alleged, or that could be alleged, based upon, or arise from, the matters which were alleged in the Action or (b) that were released pursuant to the Settlement Agreement.

20. Each and every Class Member who has not been excluded from the Settlement, the Class Member's representatives, and/or all persons in active concert or participation with such Class Members are permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, as class members or otherwise, any action, including without

1 limitation a class action (including by seeking to amend a pending complaint to include
2 class allegations or by seeking class certification in a pending action in any jurisdiction)
3 in any federal court, any state court, or any other tribunal or forum of any kind, and
4 from receiving any benefits from any lawsuit, administrative or regulatory proceeding
5 or order in any jurisdiction, arising out of, based on, or relating to the claims, causes of
6 actions, facts, and/or circumstances alleged in the Action and/or the Released Claims.

7      21.    Section 1715(b) of the Class Action Fairness Act of 2005 requires a
8 settling defendant to "serve upon the appropriate State official of each State in which a
9 class member resides and the appropriate Federal official" a specified group of
10 documents describing the settlement. Pursuant to section 1715(d), final approval cannot
11 be issued earlier than 90 days after notice is given under section 1715(b). Defendant
12 served the necessary documents upon the appropriate officials on May 27, 2014. This
13 order is signed more than 90 days after Defendant served the documents. The Court
14 therefore finds that Defendant is in full compliance with the Class Action Fairness Act,
15 28 U.S.C. section 1715.

16      22.    The Court hereby approves the Congress of California Seniors at 255 S
17 Hill St, Los Angeles, CA 90013, as the *cy pres* organization under Section IV.B.3. of
18 the Settlement Agreement.

19      23.    There being no just reason for delay, the Court, in the interests of justice,
20 expressly directs the Clerk of the Court to enter this Final Order and Judgment, and
21 hereby decrees that, upon entry, it be deemed a final judgment.

22 **IT IS SO ORDERED.**

24 DATED: September 22, 2014_____

*/s/ Christina A. Snyder*
Hon. Christina A. Snyder
United States District Court Judge